## No. 7698.

STATE EX REL. MARTIN KRAMER VS. THE JUDGE OF THE PARISH COURT OF ST. TAMMANY.

The jurisdiction of this court, under the constitution of 1879, to revise by writ of certiorari, the proceedings of inferior courts, does not include an unappealable case, where the sole· ground of complaint is that the evidence, upon which the judgment was rendered, was. insufficient to justify it.

APPLICATION for a writ of certiorari.

Julien A. Seghers for relator :

First—The Supreme Court, *except in cases hereinafter provided,* shall· have appellate jurisdiction only. * * * (Constitution of 1879,. art. 81.)

The Supreme Court shall have control and general supervision over all inferior courts. They shall have power to issue writs of certiorari, prohibition, mandamus, quo warranto, and other remedial writs. (Constitution of 1879, art. 90.)

Second—The writ of certiorari can only be granted where the suit is to be or has been decided in the last resort, *and where there lies no appeal.*

The party applying for it must state the causes of nullity of the acts done by the lower court to his prejudice, *in a cause where there lies no appeal.*

If the case be decided *without evidence,* (or on insufficient evidence?) it is a cause of nullity of the judgment. See 6 N. S. 381, Stewart vs. Barrow. C. P. 855, 856, 857, 8, 9, 60, 61, 64, 66.

Third—It is the duty of the undertutor to act for the minor whenever the interest of the minor is in opposition to the interest of the tutor. C. C. art. 275.

Fourth—The tutor cannot *borrow for the minor,* purchase for him immovables, or compromise respecting his rights, without an authority from the judge, granted on the advice of a family meeting. C. C. art. 353.

Fifth—A tutrix has no right to create a debt against her minor child without the authority of the judge and the advice of a family meeting. Woodbridge vs. Pope, 22 A. 296 ; 16 A. 88 ; 15 A. 148.

Sixth—At common law, the writ is used for the purpose of revision, and is extended to all cases where palpable injustice has been done, and that even where the inferior court was acting in matters resting within its discretion. 1 Miss. 112 ; 1 Wend. N. Y. 288 ; 8 *id.* 47 ; 2d. Mass. 173, 489 ; 3d. *id.* 188, 229.

Respondent made no appearance.

---

The opinion of the court was delivered by

MANNING, C. J. This is the first application to this court for the exercise of the supervisory power over the inferior tribunals conferred by art. 90 of the new Constitution.

A suit was instituted in the parish court of St. Tammany against the widow Degalle, as tutrix of her minor daughter Louise, upon a note for one hundred dollars signed by her as tutrix, and judgment was rendered against her in that capacity last November. Shortly thereafter execution issued, and a lot of ground in Mandeville, the property of the minor, was seized to satisfy the judgment. The relator is the minor's undertutor, and prays that a writ of *certiorari* issue to the parish judge, to the end that a certified copy of the proceedings had

State ex rel. Kramer vs. the Judge of the Parish Court of St. Tammany.

before him in that suit be sent up to this court in order that their validity may be inquired into.

We had occasion in State *ex rel.* Seale v. Recorder, 30 An. 450, to notice the origin of this writ, and to exhibit the purposes it was first designed to accomplish, and to shew how certain articles of our Code of Practice were framed expressly to permit its use in unappealable cases. The writ has never been used in this State, except to complete the record in a civil cause, because of the restricted jurisdiction of this court. That restriction is now removed.

The relator alleges, as grounds of his right to the writ, that no evidence was before the inferior court that the tutrix had ever been authorized judicially or by a family meeting to execute the note or contract the debt on behalf of her pupil, and that the judgment is null so far as it may affect the minor or her property ; and that it is a judgment in the last resort, since no appeal lies from it to any higher court.

The only evidence before the parish court was the note.

It is thus evident that the object of the writ, invoked in this case, is to revise the action of the lower court in rendering a judgment on what is alleged to be insufficient evidence. This is peculiarly the province of an appeal. But the relator is debarred from that remedy because the case is unappealable, and hence he claims to come within the intendment of the law which provides this writ. This mandate is only granted in cases where the suit is to be decided in the last resort, and where there lies no appeal, by means of which proceedings absolutely void might be set aside, as where an inferior judge has refused to hear the party or his witnesses, or has pronounced sentence without having cited them. Code Pract. art. 857.

We regard these two specified instances in which the writ may be invoked as only examples, by way of illustration, of what it may accomplish. The use of the writ is not confined to those cases, but we desire to more very cautiously in defining the objects which it may be made to subserve, and we shall content ourselves with saying that the relator is not entitled to it in the present case.

To hold otherwise would enlarge the jurisdiction of this court so as to embrace every conceivable suit before every court, and nullify practically the article of the constitution which defines our jurisdiction. The grant to this court of supervisory powers over the inferior tribunals is very broad, but we do not think it was intended to include an unappealable case, where the sole ground of complaint is that the evidence, upon which the judgment was rendered, was insufficient to justify it.

The writ is refused at the costs of the relator.

Rehearing refused.