State ex rel. Markey vs. Skinner, City Judge.

` No. 8236.

THE STATE OF LOUISIANA EX REL. J. MARKEY VS. E. K. SKINNER, CITY JUDGE.

Writ of *Certiorari* refused by this Court on the ground that, under the supervisory power, granted by Article 90 of the Constitution, it cannot pass upon the correctness of the judgment of an inferior Court, in an unappealable case, when said judgment appears on its face to have been legally rendered.

# APPLICATION for a Writ of *Certiorari*.

## E. E. Moïse for the Relator :

First—The prohibitory mandate issued under C. P. 866 is not the writ defined by C. P. 845, but is an injunction ancillary to the writ of *certiorari*. C. P. 862, 856, 866.

Second—Where proceedings are absolutely null, or a party has been condemned without being cited, an injunction is not the only remedy. C. P. 857.

Third—Under such circumstances, the judge and the constable are parties. The one at whose instance the wrong has been done, not being an officer, or the judge of a tribunal, is not a necessary party. C. P. 855-861.

Fourth—An exception to the jurisdiction of the court is not necessary, in order to maintain a *certiorari* and prohibitory mandate. 26 How. (N. Y.,) Pr. 90.

Fifth—A *certiorari* is well taken where rights have been adjudicated without notice. 15 Johns. (N. Y.,) 537; 2 Mass. 170; 4 Mass. 627; 2 Mass. 489; 3 Mass. 229-188; 8 Me., (8 Greenl.) 135-137.

Sixth—No court need respect a sentence which has been pronounced *ex parte*. Its nullity is absolute, and is therefore within the provisions of C. P. 857. 1 Dev. & Bat. Eq. 576.

Seventh—A suit must be conducted according to the forms and solemnities of law, and if not so conducted is obnoxious to the constitutional provision of due process of law. 4 Hill, 140; 10 N. Y. 374.

Eighth—What a legislature could not authorize a court to do, a court cannot do. A legislative act allowing a decree against any one without notice would be void. 12 N. Y. 209.

Ninth—A record which has been destroyed should be proven in all its parts, and contradictorily with the party whose interests are to be effected. Freeman on Judgments, Chap, v, § 89, and authorities cited therein.

Tenth—An affidavit to a proposition of law, does not make the proposition of law correct, i. e., that a judgment is final.

Eleventh—Where a court having appellate jurisdiction is succeeded by another court, which also succeeds to the court from which an appeal was taken, and where a writ of mandamus to the defunct inferior court to send up the record would have been made absolute in a case where the appeal had been dismissed, then the succeeding court should try the cause *de novo*, as if standing on appeal—viz: transferred from the defunct appellate court.

## W. R. Richardson and J. Paris Childress for the Respondent:

First—A writ of certiorari cannot take the place of the writ of injunction. 32 An. 814, 816.

Second—A judgment cannot be annulled, except by a direct action. 16 La. 288; 23 An. 599, *a fortiori*, can it be collaterally annulled by a writ of certiorari and prohibition ?

Third—While a judgment exists it is a warrant for the execution which cannot be restrained for irregularities, inherent in the judgment itself, a direct action to annul is the remedy. 23 An. 599.

Fourth—Relator's remedy is in the First City, and not in this Court. The First City Court possesses all powers necessary to afford relief to relator. Acts 1880, Nos. 8 and 45; 32 An. 816, 817, and authorities there cited.

Fifth—Where proceedings are such as those here involved, the maxim "*omnia rite*" applies.

Sixth—An execution cannot be arrested, except by an injunction. 19 An. 188; 27 An. 666.

Seventh—If the judgment is null, an action of nullity in the proper court is the proceeding. If a *fi. fa.* wrongfully issues, a writ of injunction is the remedy, a writ of certiorari cannot be made to take the place of that writ. 32 An. 816.

----

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a *certiorari* for the purpose of ascertaining the validity of certain judicial proceedings in the First City Court.

The relator complains that in the absence of any *valid* judgment against him, the defendant has assumed on an *ex parte* showing to issue execution against him, and that the constable of his court has proceeded to levy the same under garnishment process, by seizure in the hands of a third person indebted to him or supposed to be so ; and that by judgment of said court against such person, payment of the money thus arrested was ordered to be made by the garnishee into court. He further avers that he has applied by *motion* for relief in the premises, and that the city judge, after granting a restraining order, has dissolved it on the ground that he had mistaken his remedy. The relator prays for a *certiorari*. The preliminary orders asked were issued for temporary protection.

The defendant has made a satisfactory return.

An examination of the proceedings brought up, of the pleadings and of the briefs filed in this Court, fails to satisfy us that the proceeding complained of is *invalid*. The city judge may have erred, but with the intrinsic correctness of his judgment in the proceeding we have nothing to do. The question presented to our consideration simply is : *Is the proceeding legal and valid in its form ?* When we say the proceeding, we mean the motion and the restraining order which were dismissed for the reason stated. We do not, and *cannot*, go behind the motion or the judgment upon it.

The city judge did not refuse absolutely to inquire into the validity or invalidity of the judgment assailed ; he has not *said* that it was legal and binding ; he has not at all passed *upon* the *merits* of the case presented by the motion. He merely decided that the relator had mistaken his remedy. He had a judicial discretion to exercise in the matter, and has done so.

In the case of Piernas vs. Millet, 10 An, 286, the proceeding by *motion*, without *affidavit* and bond, to arrest an execution in certain rare cases, was expressly sanctioned, the Court going so far as to say that it could even, *proprio motu*, thus arrest unlawful proceedings of the character referred to. Whether the case presented on such motion by the relator to the city court was one covered by that ruling, was a question

which that court had legal authority to determine, and one the solution of which this Court cannot review, devoid as it is of any *appellate* jurisdiction over said court. Const. 81, 90.

We find that the forms of law in the matter presented and considered were observed, and that the proceedings complained of are *valid* on their face.

It is, therefore, ordered that the restraining order herein made be set aside, and that the application for a *certiorari* and prohibition be refused at relator's cost.