No. 1074.

## D. C. BROWN vs. E. M. RAGLAND.

A judgment rendered by a Circuit Court of Appeals in a case within its jurisdiction is final and cannot be reviewed by the Supreme Court.

Hence, in such a case, this Court will not interfere with the proceedings of the Circuit Court, when, in an appeal pending before it, the papers are destroyed by fire, and the Court sets aside the judgment appealed from and remands the cause to the District Court to be tried *de novo*, with the view to reinstate the pleadings, the evidence, and other papers in the case.

The Supreme Court will decline to pass on the correctness of such a ruling.

APPLICATION for Writs of Prohibition and Mandamus against the Judges of the Second Circuit Court of Appeals.

*Ray & Morgan* for the Relator.

*T. O. Benton* for Respondents.

The opinion of the Court was delivered by

POCHÉ, J. The facts and proceedings which underlie relator's application are as follows:

A devolutive appeal taken from a judgment of the District Court in favor of the defendant Ragland, who is the relator herein, was pending before the Circuit Court of the proper circuit, when the fire, which destroyed the Courthouse of the Parish of Ouachita, in Monroe, on the 19th of November, 1882, also destroyed all the papers pertaining to this case.

On motion of appellant's counsel, and on his showing the impossibility of otherwise procuring the oral testimony on which the case mainly turned, and with a view to the reinstatement of the cause, the Circuit Court set aside the judgment appealed from, and remanded the cause to the District Court, to be there tried *de novo*.

Relator's complaint is, in substance, that in granting this order the Circuit Judges exceeded the bounds of their jurisdiction, transcended their authority and acted without the sanction of any law in the premises, and thus caused him irreparable injury. Hence, he prays for an order prohibiting them from proceeding further in the enforcement of their decree, and he further prays for an order compelling them " to take jurisdiction and pass on the appeal before them, when appellant shall bring up the record in this case, properly supplied according to law."

Under the plain text of the Constitution, our only right of interference with the Circuit Courts of Appeals rests on our supervisory jurisdiction, as conferred by Article 90 of the Constitution.

It is therefore clear that a cause which falls under their appellate jurisdiction cannot be reviewed on appeal by us. Hence it is that we have uniformly held that, in an application for a writ of prohibition, the only subject of inquiry is confined to the question of jurisdiction *vel non* of the court complained of.

Now, in this case, relator concedes, and all his proceedings show most conclusively, that the Circuit Court was legally and constitutionally vested with absolute jurisdiction over the appeal taken in the case. His prayer for a mandamus to compel the Circuit Court to take jurisdiction of the appeal, and to pass upon it, is an unmistakable admission in that sense.

Hence his complaint, although charging in terms usurpation of jurisdiction on the part of the Circuit Court, is in truth and in fact nothing but a charge that the Circuit Judges have ruled erroneously and contrary to law.

Conceding *arguendo* that their order is a flagrant violation of law, an outrageous usurpation of authority, and works an irreparable injury to this relator, we are still met with the proposition that the judgment was rendered in the exercise of their uncontested appellate jurisdiction, and is therefore final.

An attempt on our part to review their ruling, under an application for prohibition, would involve us in an attempt to assume appellate jurisdiction over that tribunal, a jurisdiction which is not conferred to us, and which we must decline to assume.

" To hold otherwise would enlarge the jurisdiction of this Court so as to embrace every conceivable suit before every Court and nullify practically the article of the Constitution which defines our jurisdiction." State ex rel. Kramer vs. Judge, 32 An. 219.

To the complaint that the Circuit Judges had no transcript, record or papers of any kind before them, so as to admit of a review of the

Brown vs. Ragland.

judgment appealed from, and that therefore their reversal of the judgment was unwarranted by law, and was an usurpation of authority, our established jurisprudence answers, that having jurisdiction of the cause on appeal, the Circuit Judges had the exclusive power of disposing of the case as they deemed proper and just.

They are the sole judges of the sufficiency and validity of the records which are brought before them, and we are powerless to control them in this or any other particular which is entrusted, by the Constitution and by law, to their judicial discretion.

The powers vested in this Court under its supervisory jurisdiction are of a very delicate nature; and we have repeatedly held that we could not and would not exercise them so as to infringe upon the independence of inferior courts in the legitimate exercise of their jurisdiction. State ex rel. New Orleans vs. Judge, 32 An. 549; State ex rel. Sinnoto vs. Falls, 32 An. 553; State ex rel. Wing vs. Judge, 32 An. 1222; State ex rel. Valence vs. Judge, 33 An. 256; State ex rel. Marky vs. Judge, 33 An. 378.

In the case of State ex rel. Berthoud vs. Judge, 34 An. 782, we were asked to prohibit the lower court from enforcing a judgment alleged to have been rendered on an issue, in disregard and wanton violation of a prohibitory law, but finding that the Court had jurisdiction of the cause, and that it had exercised it, we refused to interfere with the judgment thus rendered on the merits of the cause. Speaking of the judgment complained of we said: "It may well be that this judgment is in flagrant violation of law, will work irreparable injury and visit a great hardship on the corporation affected by it, but under our well defined jurisdiction we are powerless to relieve the relator, and have no more authority to reverse that judgment than any other judgment in an unappealable case falling, as this case undoubtedly does, within the jurisdiction of the court which rendered the judgment." This reasoning applies with irresistible force to the judgment complained of in this case, which was rendered by a court of appellate jurisdiction, whose judgment in proper cases cannot be reviewed by any other court in this State. The relator is clearly not entitled to a prohibition, and still less entitled to a mandamus, the object of which would be to compel the respondents to take jurisdiction of a cause in the face of a showing made by relator himself, that the court has exercised jurisdiction and disposed of the cause. We can but repeat that such disposition, whether right or wrong, is not within the scope of our jurisdiction.

On this branch of the pleadings the case is literally covered by our decision in the case of the State ex rel. Gilmer vs. Judges Circuit Court,

33 An. 1201. In that case the Circuit Court had remanded to the District Court for trial *de novo*, a case in which judgment had been rendered by the late Parish Court of Caddo, and the relator charging the nullity of such an order applied to us for a mandamus to compel the Circuit Court to try the appeal as it was originally presented from the Parish Court. In refusing the writ prayed for, we said : "The act of the Judges of. the Court of Appeals, in remanding the case to the Circuit Court for trial, was a recognition of the appeal as before them, and a judicial act showing an exercise of their jurisdiction of the case. * * The Judges may have committed an error in remanding the case, and perhaps should have tried the appeal as it came from the Parish Court, but any error committed by the Court of Appeals in a matter within its discretion and jurisdiction we cannot review, having no appellate jurisdiction of the proceedings of that court."

· The rules which we have established in that and numerous other cases are conservative, wise and sound ; and we see no features in this case which would entitle it to be treated as an exception, or justify us to depart from our previous conclusions on this part of our jurisdiction.

These considerations dispose alike of the writ of prohibition applied for herein against the District Judge, in order to restrain him from obeying the mandate of the Court of Appeals.

The writs applied for are therefore refused at relator's costs.