[NOTA.—The following two opinions, only reported by syllabi in the 34th Annual, (see page 1255,) are now reported in full, on account of the importance of the subject disposed of in them.}

No. 8586.

STATE OF LA. EX REL. J. E. BROWN VS. W. T. HOUSTON, JUDGE.

The opinion of the Court was delivered by

BERMUDEZ, C. J.    This is an application for a *certiorari* and for a *habeas corpus.*

The relator complains that he was committed to jail for ten days, for contempt of court, under circumstances which do not justify his imprisonment, and that he should be released from custody.

A copy of the commitment is attached to the application.    It recites that the relator was found guilty of contempt after due trial, on rule, and it sets forth reasons in support.

A writ of certiorari lies in such cases only, from which it appears that the proceedings are absolutely null.

In the present instance, the proceeding seems to have been instituted and conducted contradictorily with the relator.    The writ shows that he has had a trial, according to the forms of law, and was sentenced after hearing.

It does not appear that the regularity of that proceeding is in the least questioned.

It has been repeatedly held that in applications for a *certiorari*, this Court is limited in its enquiry to an examination of the extrinsic and not of the intrinsic correctness of the proceeding; in other words, to questions of form and not of substance.    It is sufficient that a court has jurisdiction, and that it has exercised it in a proper form to justify this Court in abstaining from interfering with its action, unless in exceptional cases rarely to occur, of which that before it is not one.

The defendant Judge had a right to compel by rule the appearance before him of the relator, on a charge of contempt, to try the rule and to punish him if found guilty of the offense, by fine and imprisonment,

within the limits fixed by law.   C. P. 131, 132, 857; 32 An. 217, 549, 553, 719, 1092, 1222, 1256; 33 An. 16; Wells on Jurisd., 178 *et seq.;* 36 Miss. 33; 37 N. H. 451; Cooley on Torts, 422; Blackstone, B. iv; c. ix, (3) 284; 29 Wall. 505; Hurd on Habeas Corpus, 7.

While conferring upon this Court the power of issuing *habeas corpus,* the Constitution has expressly restricted the right to cases within its appellate jurisdiction, which was not enlarged or extended by Article 90, vesting it with a general supervision and control over inferior courts.   30 An. 672; 32 An. 1225.

Whatever may have been held, touching the right of appellate courts to review the action of an inferior court, on a question of contempt, it does not appear that it has been exercised in proceedings other than those for a *habeas corpus.*   24 N. Y. 75; 7 Cal. 181; 14 Gray, 226; 1 Grant's cases, 453; 39 Penn. 30; 10 C. B. 3; 2 Daly N. Y. 530; 13 Md. 621; 34 Tex. 618; 21 C. 442; 2 Cr. C. C. R. 612.

As this Court has no power to issue a writ of *habeas corpus,* unless in a case in which it would have an appellate jurisdiction, and as it has none in the present instance, it follows that it cannot pass upon the validity of the action of the District Judge.   This was formally decided in the case of Wood, 30 An. 672; 9 An. 522; 15 An. 120.

Conceding that the interdiction matter, or case alluded to in the commitment, is an appealable matter, that does not render the contempt proceeding itself appealable.   30 An. 672; 32 An. 1225.

We see no necessity, as the showing made does not justify it, to order either the production here of the original proceedings, or the appearance of the relator, together with the cause of his caption and detention.   The averments of the petition and the recitals of the commitment accompanying it, authorize a refusal of the relief sought, on the face of the papers.

It is therefore ordered that the application be refused at relator's costs.