## No. 9294.

### THE STATE EX REL. MRS. O. C. RACE ET AL. VS. JUDGES OF COURT OF APPEALS FOR THE FOURTH CIRCUIT.

*Certiorari* issues only to test the validity of proceedings, and not the correctness of judgments rendered by courts of competent jurisdiction. It serves to pass upon questions of *form* and not of *substance*.

Since the adoption of the Constitutional amendments of Article 81, fixing the jurisdiction of this Court, all the powers of this Court, over causes decided by it, in which the matter in dispute does not exceed $2000, have been transferred to and now vest in, Courts of Appeals, by whom they can be exercised in proper cases, as effectually as they could have been by this Court, previous to the amendment.

This Court is impotent to afford the relief now sought.

APPLICATION for Certiorari.

*Merrick, Foster & Merrick* for the Relators.

*Chas. McVea* and *Sam'l J. Powell* for the Respondents.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a formal application for a *certiorari*, for the avowed purpose of inquiring into the validity of certain decrees of the court of appeals and of annulling the same, as also of amending

the decree of the district court brought up for review on appeal to that court.

The complaint is, that in a suit brought before the District Court for the recovery of less than $2000, by the relators against the representatives of Mrs. Widow William Silliman, to render executory against them, a judgment of this Court against her, the District Cour allowed the claim in part only, and, that on appeal by the heirs to the Circuit Court for the Fourth Circuit, the relators as appellees had prayed for an amendment, allowing the whole amount claimed, but the appellate court reversed the judgment appealed from, rendering judgment for the defendants, the heirs of Mrs. Silliman, with costs in both courts.

The relators charge that the amount claimed by them and which the Circuit Court declined to allow, is due and recoverable under a judgment of this Court, against Mrs. Silliman and that the suit, therefor, was instituted to render that judgment executory against her heirs.

The respondent judges answer that they had jurisdiction over the cause, that after due proceedings and consideration of the merits of the controversy, they rendered a judgment which, in their opinion, is warranted by the evidence and the law.

We are at a loss to perceive how we can afford the relators the relief which they ask.

The writ of *certiorari* issues to ascertain the validity of proceedings before an inferior tribunal, which may be annulled, either if they are irregular, violative of the forms prescribed by law, or if the court had no authority to sanction them.

It cannot be invoked to justify an inquiry into the intrinsic correctness of judgments of a lower court, where the proceedings have been conducted in due form and the court had jurisdiction over the subject matter submitted and determined.

In the present instance, the *form* of the proceedings in the case decided has not been attacked, and the jurisdiction of the Court of Appeals is undisputed. The gravamen of the complaint is the incorrectness of the judgment on appeal.

The proceedings appear regular, and both the appellants and the appellees have acquiesced in the jurisdiction of the appellate court, the former by appealing to it, the latter by invoking its powers for an increase of the judgment appealed from. State ex rel. Insurance Co. vs. Judges, 36 Ann., 317, and authorities there cited.

If it were true as averred by the relators, that the suit for the recovery of the amount claimed, which is less than $2000, was brought to render executory against the heirs of Mrs. Silliman, a judgment of this Court against her, it need only be observed, that since the adoption and promulgation of the Constitutional amendment, which now fixes the jurisdiction of this Court, all the powers of this Court over causes decided by it, in which the matter in dispute does not exceed $2000, have been transferred to and now vest in courts of appeals, by whom they can be exercised in proper cases to the same extent that they could have been by this Court, previous to the adoption of the Constitutional amendment. State ex rel. Lecomte vs. Judge, Manning's U. C. pp. 445-6.

With the exercise of such unquestionable and unquestioned powers, we have no right or disposition to interfere.

The complaint that one of the respondents should have recused himself, is not presented by the pleadings and comes too late. It could not be considered under the form of the application.

It is, therefore, ordered, that the application for a *certiorari* herein be refused with costs.

Rehearing refused.

Todd, J., takes no part.