## No. 9440.

### THE STATE EX REL. CHARLES A. WILLIAMSON VS. JUDGE FOURTH CITY COURT.

The confession of judgment by a debtor arrested for debt, does not authorize his release from imprisonment, 1 Ann. 126 , 31 Ann. 799.

There exists no discrepancy or disparity between the law relative to the release from custody of such debtor, in proceedings in cases of arrest by district courts, and that on the subject, by parties of the peace or city courts. They are substantially the same.

The city judge had jurisdiction of the case and the proceedings appear to have been regularly conducted.

The application for a *certiorari* to vitiate the proceedings is refused.

APPLICATION for Certiorari.

*Mark Breeden, Jr.*, for the Relator.

Respondent Judge *in propria persona.*

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a *certiorari.*

The relator charges substantially, that suit has been brought by John Levy against him, for the recovery of $40, coupled with a prayer that he be arrested, on the ground that he is about to depart permanently from the State, without leaving on it property sufficient to satisfy the demand; that, upon citation, he confessed judgment in favor of the plaintiff; that, notwithstanding said confession, the court has ordered him to be imprisoned, that he has sought in vain in the lower court to be released from custody, that the order for his detention is illegal, irregular and void, and should be rescinded.

The city judge denies the right claimed by the relator.

In Anderson vs. Brinkley, 1 Ann. 126, and State ex rel. Wung Chung vs. Civil Sheriff, 31 Ann. 799, this Court held distinctly, that a debtor, imprisoned for debt, cannot, by confessing judgment, put an end to the creditor's right to his detention.

The Code of Practice, on the subject of Justices of the Peace, provides that the creditor, wishing to arrest his debtor, shall make his demand before any competent justice of the peace to have his debtor cited and condemned to pay the sum due, and that he shall be at the same time required to give security to appear and answer the said demand.

The Code also provides, Art. 1103, 1108, that the bond to be furnished by the debtor under arrest, shall contain a condition that he shall appear on the trial of the cause; that if he should depart without permission from the justice, who caused him to be arrested, or should fail to appear to satisfy such judgment as may be rendered against him, his security shall be bound to satisfy such judgment, to the amount of his bond.

The Code further provides, (1104), that, if the defendant will not or cannot give the security required of him, the justice shall send him to prison, there to remain until he gives the security demanded, etc.

The Code besides contains provisions for the arrest of a debtor, of a debt not yet due, who is about to depart permanently to defraud his

creditors, without leaving sufficient property, etc., and for the bond to be furnished in such a case. 1109, 1110, 1111.

It is manifest that, if a confession of judgment could entitle the defendant to his release from custody, one of the main objects of the bond, which is to make certain his appearance, after judgment would be defeated.

It is not pretended here that the relator has offered to furnish such bond. It is not even alleged that judgment was rendered against him, still less that he has appeared after rendition of a judgment.

While the relator specifically claims in his petition that the law dissimilates between proceedings in such cases before city courts, and other courts, his counsel has failed to verify the *dixit*, by reference to any authority to show that, before such tribunals, a confession of judgment by the arrested debtor confers on him the right of exacting his release.

We have read his brief, which argues elaborately in that sense, but have not been impressed with the existence of any disparity between these courts and the proceedings before them in such cases.

The city judge had jurisdiction over the matter and the proceedings attacked appear to have been regularly carried on.

It has not been shown in what respect they are void in point of form.

The confession of judgment did not authorize the release of relator.

It is therefore ordered, that the application for a *certiorari* be refused with costs.