State ex rel. Wood & Bros vs. Judge.

No. 9698.

THE STATE EX REL. B. D. WOOD & BROS. VS. JUDGE OF FOURTH CITY COURT OF NEW ORLEANS.

In the exercise of its supervisory jurisdiction the Supreme Court cannot entertain a complaint against an inferior court, which practically involves the correctness of a judgment rendered by said court, which had unquestioned jurisdiction *ratione materiæ et personæ* over the cause, or the correctness of any of its rulings in such a cause, when it appears that the rules of law and practice governing the trial of causes have been observed.

Such an attempt would be an unjustifiable assumption of jurisdiction and powers not granted by the Constitution, or sanctioned by law or jurisprudence.

APPLICATION for Certiorari and Prohibition.

*H. Renshaw* and *W. S. Benedict* for the Relators.

*T. M. Gill* for the Respondent.

The opinion of the Court was delivered by

POCHÉ, J.   The complaint of the relators is substantially that they are being harassed, through the instrumentality of the respondent judge by one James Sweeney who has of late sued them in said court on a series of illegal claims, which have been recognized and enforced by judgments in said court.

They allege that the said Sweeney, in order to avoid appeals from the judgments of the respondent judge, has maliciously and wickedly subdivided his illegal claim against them into fragments sufficiently small as to be unappealable, and for which he has brought a multiplicity of suits against them, which suits are swiftly decided by the respondent judge in favor of said Sweeney; and that, although requested thereto, the judge has arbitrarily refused to order that several of said suits then pending be consolidated, under which order, if made, they would have been enabled to bring said cases thus consolidated to some superior tribunal, where they could have obtained justice.

Hence they invoke relief under our supervisory jurisdiction.

They concede that the respondent's court had jurisdiction in each of the suits brought against them *ratione materiæ et personæ*, and the records of the suit in question, which have been sent up in obedience to our preliminary writ of *certiorari*, show that in each suit citation was duly issued and served on the defendants therein; that they joined issue by answer; that time was given for the preparation of their defense; that on the day fixed for trial they were heard by counsel; that their witnesses were also heard, and their testimony considered; that-

judgment was rendered only after a legal trial; that their motion for a new trial was heard, considered and in due course overruled; in a word, that all the forms and requirements of law were observed and followed, and that the proceedings were all regular under every possible test of the laws applicable in the premises.

The complaint is thus reduced to the charge that the judge has decided these cases against the law and the evidence, and that, under our supervisory powers, we must have the legal authority, and that, under our constitutional prerogatives, it is our duty by some process, which is not even suggested, to relieve these relators from the effect of such iniquitous proceedings. The facts in this case develop no exceptional circumstances.

Such an attempt would simply involve us in an extraordinary proceeding looking to the reversal of judgments which are avowedly unappealable in character, and emanating from a court over which we have no appellate jurisdiction.

It may be, as alleged by relators, that they have been unjustly condemned to pay sundry amounts which they do not legally owe, and that the respondent judge has erred in all his rulings against them, but, as he had jurisdiction in the premises, and as he has violated no rule of law in the manner of conducting the trials or in rendering his judgments, we would commit a still greater wrong if we attempted to interfere in the matter without legal or constitutional warrants.

It appears to us that the evils which relators' counsel so glowingly depict cannot be remedied by the judiciary department of the State government.

In the case of Berthoud, 34 Ann. 782, we said:

"It may very well be that this judgment is in flagrant violation of law, will work irreparable injury, and visit a great hardship on the corporation affected by it, but under our well defined jurisdiction we are powerless to relieve the relator, and have no more authority to revise that judgment than any other judgment in an unappealable case, falling, as this undoubtedly does, within the jurisdiction of the court which rendered the judgment."

The line of demarcation is thus sharply defined between the cases to which our supervisory jurisdiction can extend, and those in which the judgments cannot be disturbed by us, so that we have no option but to decline our interference in the present controversy. State ex rel. Zuberbier and Behan vs. Judge, 33 Ann. 16; State ex rel. Valeton vs. Skinner, judge, 33 Ann. 255; State ex rel. Unbehagen vs. Nephler, J. P., 35 Ann. 365; Troegel vs. Judge, 35 Ann. 1164.

It is therefore ordered that the preliminary writs herein issued be recalled and cancelled, and that the writs of certiorari and prohibition herein prayed for be refused at the cost of relators.