|    |     |
| -- | --- |
| 38 | 921 |
| 45 | 535 |
| 38 | 921 |
| 48 | 293 |

## No. 9773.

### THE STATE EX REL. B. D. WOOD & BRO. VS. THE JUDGE OF THE FOURTH CITY COURT OF NEW ORLEANS:

Where a court acts clearly within the bounds of its jurisdiction, and no vital defects or irregularities mark the proceedings in a case before it, this Court will not, under its supervisory powers, annul the judgment rendered in such case though it may be contrary to the law and the evidence.

Inferior courts should, as a rule, respect the decisions of appellate courts and be guided by their authority; but though it may be charged that the judge of an inferior court has refused to be governed by the decree of the appellate court, on an appeal from one of his own judgments in his (the inferior judge's) decisions in other like cases before him, this Court is without power to compel him to conform his action and conclusions to the views of such higher tribunal.

 PPLICATION for Certiorari and Prohibition.

*W. S. Benedict* and *Henry Renshaw* for the Relators.

*T. M. Gill* for the Respondent.

The opinion of the Court was delivered by

Todd, J. The relators, feeling aggrieved by the action of the re-spondent judge with respect to certain suits brought before his court against the relators by one James Sweeney, and judgments rendered therein, seeks relief therefrom by means of writs of *certiorari*, *prohibition* and *mandamus*. The facts relating to said proceedings, and the matters complained of and the causes of complaint, are almost iden-tical with those reported in the opinion delivered by this Court in a case of a similar title and between the same parties. 38 Ann. 377. In that case the relief asked was denied.

There, as in this instance, the relator charged in substance that the plaintiff, in the suits filed in the respondent's court, had subdivided a large claim as alleged indebtedness of the relators into small sums and had instituted separate suits on the same—the amounts being unap-pealable; that judgments had been rendered therein contrary to the law and the evidence; that this mode of procedure was adopted in order that the relator should be unable to get relief from the illegal judgments by appeal; and that with the same view the judge refused to consolidate the cases, although the demands therein were but parts of the same alleged debt.

The only further ground of relief that he relies on in the present application is in effect that, since the decision of this Court in the pre-vious case mentioned, one of the numerous suits before the respon-dent's court was found to be appealable and that an appeal had been taken from the judgment rendered therein; and that on appeal the judgment appealed from had been reversed; that a copy of this judg-ment of the appellate court had been exhibited to the respondent judge, but that he had persisted in rendering in the remaining cases pending before him similar judgments to his former ones.

It was also urged that the respondent had likewise disregarded a decision of this Court which was favorable to the rights of the relator in the suits of Swinney against him referred to.

After mature consideration, we have reached the conclusion that the further grounds urged in the application now before us, beyond those presented by the relator in the previous case referred to, do not bring him within the scope of the supervisory powers that may be exercised by this Court over the proceedings of inferior tribunals.

Each one of the suits instituted before the respondent judge, as was

said in the previous case decided by us, was clearly within his juris diction, and there is no charge of the want of citation or any other vital irregularity in the proceedings.

As to the case appealed to the district court and the judgment therein reversed, there is nothing in the record before us to show us what facts were proved and what issues of law were presented either in the court of the first instance or in the appellate court where the case was tried *de novo*, and there may have been just reasons resulting from further or additional evidence or new legal questions presented justifying the judgment of the latter tribunal.

There are no transcripts of the proceedings and evidence in the two counts to enable us to verify the allegations of the relator that the case was tried upon the same evidence and legal issues. So that the reversal of the judgment rendered by the respondent judge in a single case cannot be held as conclusive that his conduct was arbitrary, illegal and unwarranted in the other cases as charged. If in the case appealed there had been a decree remanding the case and requiring the respondent judge to render some special judgment or do some specified act with reference thereto, and he had refused to do it, then there might have been some reason for the interposition of a higher court; but the judgment of the superior court in a single case was no imperative mandate to him to render a like judgment in similar cases, nor operated to entirely override and control his judicial discretion in such cases.

Putting it in the most favorable light for the relator, whilst it is proper as a general rule that the judges of all inferior courts should respect the authority of the appellate courts and be ruled by their decisions, we find no warrant in this Court, at least under the circumstances presented in this case, to compel them to do it.

The restraining order heretofore issued is therefore set aside, and the application for the writs mentioned is denied at the costs of the relator.