## No. 10,026.

### THE STATE EX REL. N. E. MAY VS. R. C. DAVEY, RECORDER.

If no complaint is made of the *legality* of a city ordinance alleged to have been violated, nor of the *regularity* of a judgment pronounced thereunder, and there is nothing on the face of the papers showing that the charge preferred is *not* an offense against said ordinance, an application for a writ of *certiorari* will be refused.

APPLICATION for *Certiorari*.

---

*Walter D. Denegre, Farrar & Kruttschnitt* and *Henry Dufilho*, for the Relator.

*Thomas J. Semmes* and *Hornor & Lee*, for the Respondent.

The opinion of the Court was delivered by

WATKINS, J. The relator was arrested on the charge of having violated ordinance 92, Council Series, of the city of New Orleans, and brought before the respondent's court for trial; and, upon hearing, was condemned, and sentenced to pay a fine of $25, or, in default thereof, to thirty days' imprisonment in the parish prison.

His complaint of the proceedings in the respondent's court is that the charge presented did not constitute an offense that is punishable by said ordinance; and that his sentence is, therefore, illegal.

He represents that the sentence complained of is an unappealable judgment, from which he has in vain sought relief by petition to the Civil and Criminal District Courts of the parish of Orleans, for writs of *habeas corpus*, and that *certiorari* is his sole remaining remedy.

State ex rel. May vs. Recorder.

The ordinance alleged to have been violated reads as follows, viz: " That it shall be unlawful for any person or persons to sell, barter, exchange or otherwise dispose of any lottery tickets, or token, policy, combination, device or certificate, or fractional part thereof, in any lottery drawn, or to be drawn, in or out of the city of New Orleans, unless the same be duly authorized by the laws of the State of Louisiana."

The affidavit simply charges " that on the 29th of June, 1887, at No. 26 Commercial Alley, in this district and city, one N. E. May did then and there violate ordinance 92, C. S."

The following ticket is annexed to the affidavits filed in this court, as a part of the respondent's return:

---

*The purchaser of the within described*

# LOUISIANA STATE LOTTERY TICKET,

*in accepting this receipt agree to appoint the undersigned as trustee, of the original $1 ticket of the monthly La. State Lottery.*

Pool No...... New Orleans, June 25, 1887.

Received of...................................the sum of

**10c.** for *One-Twentieth interest in a*

tenth *Lottery Ticket numbered* **46450**

*To be drawn on Tuesday, July 12, 1887.*

[SIGNED] N. E. MAY, Trustee.

[FACE.] RECEIPT. [BACK.]

This share was received from
N. E. MAY,
26 Commercial Place.

—— NOTE ——

If the ticket described on the reverse side of this receipt should win a prize the holder should call on the person from whom they received this share (see stamp) and assist in appointing a Committee of three, to present the original ticket for collection. The prizes will then be equally divided among the shareholders, as follows:

SCHEME.

| | | Amount to each shareholder. |
|---|---|---|
| 1 capital prize | $150,000.. | $750.00 |
| 1 grand " | 50,000.. | 250.00 |
| 1 grand " | 20,000.. | 100.00 |
| 2 large pr., each. | 10,000.. | 50.00 |
| 4 large " " | 5,000.. | 25.00 |
| 20 prizes each. | 1,000.. | 5.00 |
| 50 " " | 500.. | 2.50 |
| 100 " " | 300.. | 1.50 |
| 200 " " | 200.. | 1.00 |
| 500 prizes each. | 100.. | 50 |
| 1000 " " | 50.. | 25 |
| 100 Approx. pr's each | 300.. | 1.50 |
| 100 " " " | 200.. | 1.00 |
| 100 " " " | 100.. | 50 |

---

But there is nothing discoverable on the face of the record to connect it with the charge made against the relator, or to constitute it an

essential and integral part thereof; and the respondent denies in his answer that the relator was ·charged with the sale of any ticket the sale of which was not authorized by the law of the State.

As there is no complaint made of the *legality* of the ordinance, none of the *regularity* of the judgment pronounced thereunder, and there is nothing to show that the sale of the ticket annexed was the violation of the ordinance complained of, there is nothing on the face of the record to bring this application within the scope of the supervisory power of this court.

It is, therefore, ordered, adjudged and decreed, that the relator's prayer for the issuance of a writ of *certiorari* be refused at his cost.

Bermudez, C. J. and Poché, J. concur in the decree.