State vs. Judge.

## No. 10,284.

THE STATE EX REL. JOSEPH BLOCK VS. W. C..PERRAULT, JUDGE AD HOC.

*Certiorari* does not lie to revise the correctness of a judgment on the merits of a case.

Its functions are restricted to ascertaining the validity of proceedings on the face of the papers.

In the absence of any fatal irregularity in the same, however intrinsically erroneous the judgment or act complained of may be, this Court is powerless to interfere.

The remedy cannot be invoked so as to operate as an appeal, otherwise every unappealable case, would be brought up for review, under it, to the Superior Court, from which relief is asked.

A party whose proceedings is not passed upon by judgment which does not constitute *res judicata*, may resort in the vindication of his averred rights to any proceeding allowed him by law.

APPLICATION for *Certiorari*.

*Kenneth Baillio* for the Relator :

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is an application for a *Certiorari*.

The pith of the elaborate petition presented to this Court to obtain that relief, is substantially, that, in a suit brought by an attorney-at-law against the Police Jury of the parish of St. Landry, for the recovery of $72, claimed to be due him for professional services and asked to be paid out of a special court house fund under the control of that body, the relator intervened as assignee of Hannan & Voss, contractors, after issue joined; that the object of the intervention was to prevent the payment of the sum claimed out of said fund; that evidence was adduced on the trial by all the parties to the suit, and particularly by the intervenor, that after hearing and submission, the judge *ad hoc* rendered judgment for the plaintiff, dismissing the intervention on its merits with costs.

The complaint is that the conclusions of said judge could only have been reached by and through an utter disregard of and refusal to consider, intervenors' evidence, amounting in law to an abuse of judicial discretion and an usurpation of power not conferred by law, and that said judgment has had the direct effect of destroying his contractual rights and of utterly impairing the rights acquired by him as assignee and so was violative of the Constitution of the United States and of this State; also that the resolution of the Police Jury, recognizing the claim of said plaintiff, has the like effect.

The prayer is, that after due hearing, said judgment be annulled and

set aside, and that the suit wherein rendered be dismissed at the costs of the plaintiff therein, etc.

The judge *ad hoc* returns, denying having passed upon the merits of the intervention. He states that the intervention, and all evidence under it, was objected to, and that the rights thus asserted were reserved; that nevertheless, evidence was allowed to be introduced under it and, that on deliberation after submission, he concluded that neither was admissible, and so did not pass on the merits of the opposition. He next proceeds to argue to establish the correctness of his judgment.

Evidently, both the relator and the judge *ad hoc* misconceive the purposes and functions of the writ of *certiorari*.

That remedy, it has been frequently held, can be invoked only to ascertain the validity of the proceedings before an inferior court, on the face of the papers, and never to inquire into the intrinsic correctness of decisions, whether interlocutory or definitive, made in the case.

Were it otherwise, all cases which are not by law appealable, could be reviewed effectually by the Superior Court as if they were appealable, and so every judgment rendered by justices of the peace and by district courts, from which no appeal lies, could be taken to this Court and reviewed on their merits, and the judgment complained of, reversed, amended or affirmed.

In the instant case, the prayer is formally that the judgment rendered by the judge *ad hoc* be annulled and set aside, and that the suit wherein rendered be dismissed at plaintiff's costs.

There is no complaint that the proceedings were irregular and void, that the judge refused to hear any legal evidence, or that he has decided the case without notice and hearing, or any kindred matter.

The only complaint is, that the judge *ad hoc* did not conclude correctly in his judgment; that he ought to have maintained the intervention and dismissed the suit.

It is possible that the judge has erred in ruling as he has; but in doing so, he has exercised a discretion, a power, which neither this Court, nor any other court, can control and correct.

We understand the judge *ad hoc* to say that he has not passed on the *merits* of the intervention. Such being the case, the relator is not concluded by the judgment rendered, and if there exists any remedy to prevent the execution of the judgment of which he complains, it is for him to ascertain which it is, and invoke it, and not for this Court to indicate it.

Application refused.