State ex rel. Railroad Co. vs. Riley, Justice.

No. 10,753.

THE STATE EX REL. HOUSTON, CENTRAL ARKANSAS & NORTHERN RAILROAD CO. VS. J. CARSON RILEY, JUSTICE OF THE PEACE.

1. The writ of *certiorari* will only be made peremptory when the proceedings are absolutely null.

2. The copy of the entries in the justice's docket does not show such irregularity as to render the judgment absolutely null.

3. The allegations of the relator to obtain the writ can not prevail against the minutes of the proceedings as certified to by the respondent justice of the peace, particularly in the absence of any proof of any attempt made to correct them (if they be incorrect).

4. Defaults need not be taken and confirmed before the justice of the peace courts as is done before the District Courts.
   Defaults and delays are especially provided for by Articles 1084 and 1085, C. P., and do not include defaults required before the District Court.

APPLICATION for *Certiorari* and Prohibition.

*Potts & Hudson* for the Relators.

Respondent *in propria persona.*

The opinion of the court was delivered by

BREAUX, J. This is an application for writs of *certiorari* and prohibition against the defendant justice of the peace who, it is alleged, has rendered an absolutely illegal judgment in an unappealable case.

The supervisory jurisdiction of the court is invoked to have the nullity declared.

The relator, in substance, alleges that suit is brought against the Missouri Pacific Railroad, H. C. and N. Division, J. M. Holcombe, agent (there being no corporation of that name), under which title it is proposed to hold the Houston, Central Arkansas & Northern Railroad Company, of which W. A. Bright is the president, responsible.

That the court did not have jurisdiction *ratione personæ;* that the company has not been cited by its proper name, nor legal service made or delays given.

An exception was filed on the day fixed for the defendant to answer.

12

The respondent justice of the peace, in compliance with the court's ·order, sent up a certified copy of the minutes of the proceedings, setting forth that, after hearing the testimony and argument of coun- .sel, judgment was rendered for plaintiff, and read in presence of defendant's counsel in open court.

It is no longer an open question that "certiorari can only be resorted to when proceedings are absolutely null." State ex rel. Broupard vs. Justice, 39 An. 776; State ex rel. Wenty vs. Judge, 32 An. 1122.

The proceedings are not absolutely null.

The respondent had jurisdiction to try the exception.

At the time fixed for the defendant to answer, if both parties are .ready to try the cause, the judge may proceed to the hearing; otherwise he shall set such a day and hour as he may see proper.

If one of the parties fails to appear after the lapse of two hours, if the parties to the suit reside in the country, the judge may dispose ·of the case by discharging the defendant with costs, if it be the plaintiff who makes default; and if it be the defendant, he may hear the plaintiff's testimony. C. P. 1085; State ex rel. Montague vs. Coquilla, Justice of the Peace, 35 An. 1101.

The minutes disclose that the defendant was present when the ·case was tried and when the judgment was read in open court, and that no application was made for delay.

With reference to the default and its necessity as urged:

A default, its entry and confirmation, are not required as in the District Court, although that method of proceeding is satisfactorily followed by a number of magistrates.

The other grounds of the application are not proven; the allegations of the relator are negatived by the record returned by the respondent.

It is not even suggested that the minutes do not conform with the facts.

They must therefore be accepted as correct. State ex rel. Regan vs. Judge, 36 An. 977.

The records do not disclose that the relator has a right to the relief sought.

It is therefore ordered, adjudged and decreed that the restraining ·order granted be set aside, and the relator's demand rejected at his ·costs.