The opinion of the court was delivered by
Watkins, J.
The following are the grounds on which relator claims relief at our hands, viz.:
“John McDonogh, Jr., and Joseph Soniat Dufossat, Jr., on August 27, 1841, brought suit No. 20,505, in the First District Court in the parish of Orleans, against Alexis Fontenot, Jean Pierre Fontenot, Joachim Fontenot, Reine Fontenot (widow of Alexis Millet). Justine Fontenot (wife of Jean Batiste Audisson), and Felix Becnel, for slander of their title to lands in St. John the Baptist parish, held in indivisión, one-third by McDonogh and two-thirds by Soniat Dufossat. The defendants were duly cited, but before answer the case was removed by New Orleans and Dufossat, under an act of the Legislature, to the District Court for St. John the Baptist parish, by supplemental petition filed therein, July 11, 1859, alleging that since the filing of the original petition in 1841 McDonogh had died testate, and that New Orleans had succeeded to his rights, and also that Joseph LeBourgeoise and Felix Becnel had succeeded to the claims and pretensions of the original defendants, and praying citation against them, etc. They were cited in 1859, but no answers or exceptions were filed, no defaults taken, or other proceedings had, and the cause was regularly continued, and stood so until February 26, 1892, when New Orleans filed a supplemental petition, alleging the death of Dufossat, leaving a large number of unknown heirs; that the claims and pretensions of Becnel and LeBourgeoise in the lands had vested in Joseph L. LeBourgeoise, Jr., residing in St. John the Baptist parish, who continued to slander the title of plaintiff, and refused and failed to bring suit to try the same, etc.; prayed for service upon him, LeBourgeoise, Jr., and for judgment on title, and for damages, etc. He was cited, and in due time filed exceptions and answer, and from time to time certain other persons, *952 alleging themselves heirs or other representatives of the original defendants, came in voluntarily as defendants and filed exceptions and answers.
“This jactitation suit is yet untried, and is now No. 713 of the docket of the Twenty-first Judicial District Oourt for St. John the Baptist parish.
“ March 2, 1892, New Orleans brought suit against all the heirs of Dufossat for partition of the same lands in the District Oourt for St. John the Baptist parish, then Twenty-sixth District, under the No. 474, but when the district was changed to No. 21, the docket number became 40. The title of defendants to an undivided two-thirds of the lands was admitted, petitioner’s own right to an undivided third was alleged, and partition by sale prayed. The defendants were all cited, and after several supplemental petitions were filed for appointment of curators ad Jtoo, etc., all answered, admitting plaintiff’s title to one-third and taking issue only on the mode of partition.
“ The case was regularly tried March 24, 1893, and after taking testimony as to the proper mode of partition, the court, in proceeding to judgment, was interrupted by an attorney at law, who represented Mr. Joseph L. LeBourgeoise, Jr., then also present in court, and read to the court and to counsel for the parties a “protest,” alleging the protestant was one of the defendants in suit No. 713 and protesting, against further proceedings in the partition suit until all parties: therein made themselves parties-plaintiff in suit No. 713, and until all the defendants in said suit No. 713 were made defendants in the-partition suit. On oral objection by counsel for plaintiffs and defendants in suit No. 40 the court refused to allow the protest to be filed, or to consider the same, or make it a part of the record in same, on the ground that protestant had not alleged any interest in the partition suit or asked any order in the premises. To this ruling-protestant filed his bill of exceptions, and the court pronounced and signed judgment on the issues made in suit No. 40, decreeing the partition by sale, and making the usual orders for the execution of the judgment. Thereupon, the protestant moved the court for an order of suspensive appeal to the Supreme Oourt, and the same was granted instanter, on a bond for costs, in the sum of $200, the return day being fixed on the third Monday in January, 1894. No other steps have been taken in the District Court, and the judgment in partition remains inoperative.
*953 “ On May 5, 1893, New Orleans filed her petition-in this court for a writ of certiorari to the judge of the Twenty-first Judicial District Oourt for St. John, and on May 6 the same issued, returnable the 11th of May. The prayer of the petition is that the record in the. partition suit No. 40 may be certified and sent up, in order that the validity of the proceedings may be inquired into and determined, and that the order of appeal be declared illegal and the appeal dismissed, and for costs.”
The respondent judge returns that the protest of Joseph L. LeBourgeoise, Jr., referred to by the relator, was prepared and read by his counsel as soon as the partition suit was called for trial, as stated in the bill of exceptions, and not as stated by the relator, after the testimony and argument had been heard.
He admits that a third person, not party to the original suit, filed, in open court, a motion for a suspensive appeal from the judgment rendered in the partition suit and that he granted the appeal, returnable on the proper return day to this court, which is the proper appellate tribunal, conditioned upon the appellant furnishing bond.
He further represents that he granted the appeal under and in conformity to the provisions of Art. 571 of the Oode of Practice, as he was bound to do. That his court had jurisdiction of the parties and of the subject-matter of the partition suit. That the appeal has been perfected, and that his action in the premises is not open to review by certiorari. He further shows that certiorari can not be substituted for a motion to dismiss the appeal in question antecedent to the return day thereof.
There is no escape from the conclusive force of the reasons assigned by the respondent judge.
In State ex rel. Railroad vs. Riley, 43 An. 177, this court said:
“It is no longer an open question that ‘ certiorari can only be resorted to when proceedings are absolutely null.’ State ex rel. Broussard vs. Justice, 39 An. 776; State ex rel. Wentz vs. Judge, 32 An, 1222.”
The only purpose of the writ is to test the validity of the proceedings of another court extrinsically. O. P. 855, 857.
The case brought is an appealable one, and the relator’s complaint is that it has been appealed to this court, but improperly.
The orderly and proper course for relator to have pursued was to await action in this court on the appeal. It has mistaken its remedy. *954 It is therefore ordered and decreed that the demand of relator for certiorari be rejected at his costs and the restraining order be set aside.