*1212 'The opinion of the court was delivered by
Miller, J.
The relator, sued in the magistrate’s court for the violation of an ordinance of the town of Slidell prohibiting the retailing of spirituous liquors, seeks by writ of certiorari to restrain the court from enforcing its sentence of fine or imprisonment.
The exceptions of the relator in the suit in the magistrate’s court were substantially, that the ordinance imposing the fine or imprisonment for its violation was unconstitutional; that Act No. 8 of 1896, authorizing municipal corporations to punish violations of the ordinance by fine and imprisonment, is unconstitutional; that the town is not legally incorporated under the act of 1882, providing for the organization of municipal corporations, and this question had been determined adversely to the town in a previous litigation, the judgment in which is pleaded as res adjudicata, and finally that the court is not competent to decide civil cases. The lower court overruled these exceptions and imposed the fine.
We are not advised of the ground on which the competency of the lower court is assailed. The suit is for twenty-five dollars, the fine imposed, of which the magistrate’s court had jurisdiction. Constitution, Art. 125. If it is claimed there was no jurisdiction because of the alleged unconstitutionality of the act of 1882 for the formation of municipal corporations, in our opinion that act is in conformity with the organic law. Art. 46 of the Constitution; Act No. 49 of 1882: Chicago, St. Louis & New Orleans Railroad Company vs. Town of Kentwood, 49 An.
On these writs of certiorari and prohibition the jurisdiction of the courts the proceedings of which are sought to be reviewed, and whether the suitor has been deprived of legal rights by void proceedings are the prominent questions. If the jurisdiction exists and there has been no deprivation of legal rights by proceedings utterly void as the Code puts it, the litigant is left to the protection the law supposes the judgment of the competent court affords, or to the appeal if the law gives him. Constitution, Art. 90; C. P., Arts. 845, 855, 857. We find in this case the lower court had the jurisdiction. That carried the right to decide every question raised by the exceptions. The questions raised denying the legality or constitutionality of the ordinance or fine are susceptible of appeal to this court, but there is no warrant to issue the writs for supposed errors of determination to be corrected, if such errors there, are by the appeal. C. P., Art. *1213 857; State ex rel. Weber vs. Skinner, 32 An. 1092; State ex rel. Broussard vs. Justice, 39 An. 776; State ex rel. Berthoud vs. Judge, 34 An. 782.
There is no basis for the application for these writs and it is ordered that our previous order herein be set aside and it is now adjudged and decreed that the application be denied at relator’s costs.