O’NIELL, J.
A writ of certiorari and a rule to show cause why the judgment in this case should not be reversed were issued because it was inferred from the relator’s petition that an injustice had been committed. The answer of the respondent judge and the record disclose that the proceedings have been entirely regular, and that the judgment rendered by the justice of the peace and affirmed by the district court was according to the law and the evidence.
The testimony was not reduced to writing, but the statement of the respondent judge is admitted to be a correct statement of the facts. The relator’s traveling salesman undertook to supply the defendant with what is called hard wheat flour for his bakery business. The defendant gave an order for 25 sacks, or 12% barrels, of hard wheat flour of a brand called “Split Silk,” at $7.50 per barrel. The relator, being out of “Split Silk” flour, bought and shipped to the defendant 25 sacks of a brand of flour called “Ambrosia,” supposed to be a hard wheat flour of the same-grade as “Split Silk.” By an error on the part of the relator, the flour was billed to the defendant as “Split Silk.” The defendant did not learn that the flour was not of the brand stated in the invoice until it was delivered at his bakery. Under the belief that it was hard wheat flour, he used two sacks blended with other flour,, and the result was an inferior quality of bread. He had been using “Split Silk” flour in his bakery, but had never used “Ambrosia.” To give it a further test, he used four sacks without blending it with other flour, and the result of the day’s baking was unfit for his trade. The bread was given away and fed to hogs. *722 The defendant immediately notified the Shreveport Mill & Elevator Company of his experience with the flour, and was instructed to return it. He returned the remaining 19 sacks promptly, and the Shreveport Mill had “Split Silk” flour shipped to him in its stead from New Orleans.
The relator sued the defendant in the First ward justice court for $22.50, the invoice price of 6 sacks of “Ambrosia” flour. In his answer the defendant alleged that the flour had been of no value to him for the reasons stated above; and he filed a reconventional demand for $35 damages for the loss of a day’s business. On proof of the facts recited above, judgment was rendered dismissing the plaintiff’s demand and the defendant’s reconventional demand, and the plaintiff appealed. The case was tried de novo in the district court, and the judgment was affirmed, at the cost of the plaintiff, appellant.
The relator’s counsel admit in their brief that the “Ambrosia” flour was made from new wheat; but they contend that the defendant, being an experienced baker, should have discovered that it was not a hard wheat flour when he blended it with other flour, and should not have tried it pure. We agree with the judge of the First ward justice court and the judge of the district court that the purchaser had a right to rely upon the representation of the seller that the flour was of the grade ordered, though it was not of that brand. He had no other means of ascertaining that it was not fit for the purpose for which it was sold to him than by testing it. The quantity used in 'the test proved to be of no value or benefit to him, and he should not be required to pay for it.
The writer is of the opinion that the exercise of the authority of this court to issue writs of certiorari in the general supervision and control over inferior courts conferred by article 94 of the Constitution should be regulated by articles 855, 857, 864,
and 865 of the Code of Practice, and should be confined to cases where the proceedings are null or irregular in form, and not extended to cases where the court below is acting within the exercise of its jurisdiction. See State ex rel. Kramer v. Judge, 32 La. Ann. 217; State ex rel. City v. Judge, 32 La. Ann. 552; State ex rel. Valeton v. Skinner, 33 La. Ann. 255; Markey v. Judge, 33 La. Ann. 378; Buisson v. Judge, 33 La. Ann. 1427; Unbehagen v. Justice, 35 La. Ann. 365; State ex rel. Berthoud v. Judge, 34 La. Ann. 782; Brown v. Ragland, 35 La. Ann. 838; Troegel v. Judge, 35 La. Ann. 1164; Brown v. Houston, 35 La. Ann. 1194; State ex rel. O’Malley v. Judge, 35 La. Ann. 1194; State ex rel. Insurance Co. v. Judge, 36 La. Ann. 317; State ex rel. Bright & Co. v. Judge, 36 La. Ann. 482; Waterworks Co. v. Levy, 36 La. Ann. 941; State ex rel. Forman v. Judges, 37 La. Ann. 113; State ex rel. Race v. Judge, 37 La. Ann. 120; Williamson v. Judge, 37 La. Ann. 385; Wood & Bro. v. Judge, 38 La. Ann. 377; Id., 38 La. Ann. 921; State ex rel. Gooch v. Judge, 38 La. Ann. 968; Broussard v. Judge, 39 La. Ann. 776, 2 South. 559; May v. Recorder, 39 La. Ann. 993, 3 South. 181; State ex rel. Block v. Perrault, 41 La. Ann. 179, 6 South. 18; State ex rel. Shakespeare, Syndic, v. Duffel, 41 La. Ann. 557, 6 South. 14; State ex rel. Railroad Co. v. Riley, 43 La. Ann. 177, 8 South. 598; State ex rel. Chandler v. Ellis, 43 La. Ann. 825, 9 South. 639; State ex rel. Rocchi v. Judge, 45 La. Ann. 535, 12 South. 941; State ex rel. City v. Judge, 45 La. Ann. 952, 13 South. 181; State ex rel. Hogsett v. Patin, 47 La. Ann. 1534, 18 South. 507; State ex rel. Express Co. v. Justice, 48 La. Ann. 1249, 20 South. 729; State ex rel. Brakenridge Lumber Co. v. Tully, 48 La. Ann. 1532, 21 South. 119; State ex rel. Perilloux v. Magistrate, 49 La. Ann. 1212, 22 South. 661; State ex rel. Guarneri v. Rost, 52 La. Ann. 988, 27 South. 365.
*724 The majority of the members of the court adhere to the view expressed in the late case of Loeb v. Collier, 131 La. 378, 59 South. 816, citing Thompson & Co. v. Gosserand, 128 La. 1029, -55 South. 663, and State ex rel. Union Sawmill Co. v. Summit Lumber Co., 117 La. 643, 42 South. 195, that, although, as a general rule, certiorari can issue only in cases where the regularity of the proceedings in the lower court is attacked, the power granted to this court by the Constitution is plenary, and its exercise rests in the discretion of the court. The judgment of the district court affirming that of the justice court is therefore affirmed at the cost of the relator.