*Duncan* for the plaintiff, *Saunders* for the defendants.

---

## SAUNDERS vs. INGRAM.

APPEAL from the court of the third district.

*The parish court has jurisdiction of a claim for 300 dollars, and may give*

MATTHEWS, J. delivered the opinion of

the court. This case is somewhat peculiarly situated. The suit was commenced in the parish court of East Feliciana, and judgment being there rendered, in favor of the defendant, the plaintiff appealed to the district court, wherein judgment by default, was given against the defendant, and afterwards made final; from which he appealed to this court.

The sum of $300 is claimed by the petitioner, with interest, &c. and judgment was rendered for that amount, with interest, in the district court.

The appellee moves to dismiss the present appeal, in consequence of having come indirectly from a parish court, the jurisdiction of which does not extend to an amount, sufficient to authorise an appeal to the supreme court: because the maximum of jurisdiction of the former, as enacted by law, does not equal the minimum, granted by the constitution to the latter.

According to law, the jurisdiction of parish courts throughout the state, is limited to personal actions, where the matter in dispute shall not exceed $300; subject to an appeal to the district courts, above the sum of $100, exclusive of costs, &c. *See* 2 *M. D. p.* 222

judgment for that sum and interest from judicial demand.
And of such case the supreme court has jurisdiction.

*sect.* 1, 19. Appeals of this sort are to be prosecuted according to the rules which are applicable to those which might have been taken from the inferior courts of the late territorial government, to the superior court, as provided for by the act of 1807. *See* 1 *M. D. p.* 436, *sect.* 2, 20.

The jurisdiction of the supreme court, as organised by the constitution and laws of the state, is limited to civil cases, when the matter in dispute exceeds the sum of $300. From these provisions of law, it appears to be almost a self-evident proposition, that the jurisdiction of the parish courts, and that of the supreme court, could never coincide; the one cannot descend, nor the other rise, so as to meet. But subsequently to these laws, our code of practice has received the sanction of legislative authority and been promulgated, so as to govern the proceedings in the present case. The 1st article of this code provides, that when the jurisdiction of the judge before whom a suit is brought, is limited to a certain sum, the question of jurisdiction must be decided by the amount claimed, and not by the sum actually due, not including however the

EasternDis'ct
*April,* 1827.

SAUNDERS
*vs.*
INGRAM.

interest of the costs which have been subsequently incurred.

It is believed that in pursuance of a correct interpretation of this act, a parish court may, in a case where $300 are claimed, give judgment for that amount, and interest from the judicial demand; the jurisdiction of the court being thus far extended by the provisions of the code, authorises a judgment in truth, for more than $300.

No appeal can be taken directly to the supreme court, from a judgment rendered in any of the parish courts of the state, except that of New-Orleans. But when the cause regularly passes by appeal, through a district court, to the superior court, and the matter in dispute amounts to more than $300, as it does in the present case, by the addition of legal interest; we are of opinion that the last appeal ought to be sustained.

An appeal from a parish, to a district court, authorises an examination of the case *de novo,* and either party to the suit may, by leave of the court, amend his pleadings, so as to bring the merits fairly before the appellate tribunal. If no amendments be made to the pleadings, the trial is to proceed on

them as they have been made in the court of the first instance, and transmitted on the record. The only addition required, is an answer by the appellee, that there is no error in the proceeding of the inferior court—new evidence may be given in the cause, and so far, it is a trial *de novo,* both according to the act of 1807, and the 598 art. of the code of practice; but as no new answer is required from the defendant, (which, if he be appellant in the higher court, would be absurd) the only additional pleading absolutely directed, is the answer, that there is no error, &c. When the appellee does not appear, and plead as directed by law, the appellant is at liberty to proceed *ex parte*, and have his cause heard; and such judgment must be given by the court, as the nature of the case may require. No judgment, by default, is contemplated by the law; and such a proceeding, appears to us to be absurd, when a full answer to the plaintiff's petition and claim, goes upon the record from the court below, as it did in the present case.

The appellant in the district court, after the delay allowed to the appellee, to plead that there was no error, &c. might have required

the court to proceed *ex parte*, and give judgment.

The steps taken in the cause, appear not to have amounted to any thing more, except the error in granting a judgment by default. But as this error may have had an improper influence on the subsequent proceedings, it is believed that the justice of the case requires, that it should be remanded to the district court, for a new trial.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court, be avoided, reversed and annulled: and it is further ordered, &c. that the cause be sent back to said court, to be again tried; and that the appellee pay the costs of this appeal, &c.

*Watts & Lobdell*, for the plaintiff, *Preston*, for the defendant.