PHELPS
*v.*
RIGHTOR.

industry, which might have furnished her with such means. The District Judge was of opinion, that it was not necessary for plaintiff to make such proof. But the authorities referred to in the judgment appealed from and in the argument of plaintiff's counsel in this court, do not sustain that doctrine.

In the case of *Mock* v. *Kennedy,* 11 An. 526, the court said : " The evidence fully establishes the plaintiff's right of property to the goods seized. The stock of merchandize appears to have been purchased originally with funds borrowed upon her credit, and lent to her individually."

Again, in the case of *Campbell* v. *Bell*—" Neither is it shown, that after the dissolution of the community, she ever made, or could have made by her industry, the money with which this property was purchased."

The answer of defendants denies specially that the purchases in question were made with the separate funds of *Mrs. Phelps* ; and alleges fraud and collusion between her and her husband, as well in the judgment of separation as in the subsequent proceedings.

Under these pleadings, the burden of proof to establish the validity of her judgment, was on plaintiff; and in this we think she has failed.

Judgment reversed ; and it is adjudged and decreed, that the injunction herein issued be dissolved, and that defendants and appellants recover of *Harriet Phelps* and *W. P. Sunderland,* the principal and surety in the injunction bond, *in solido,* one thousand dollars damages, with costs in both courts.

---

## State *v.* Judge of the Fifth District Court of New Orleans.

When a Constable has seized property under a writ emanating from a Justice of the Peace, his possession is that of the law ; he may protect his possession of the property seized by calling to his aid the judicial power, when needed ; and when, by an order of a District Court, an attempt is made to deprive him of his possession, he is entitled to appeal from such an order, if the case be an appealable one.

When an appeal in such a case is refused him, his remedy is not by a *writ of certiorari.*

ON application for a writ of *certiorari,* to the Judge of the Fifth District Court of New Orleans. *T. H. Howard,* for relator.

MERRICK, C. J. *J. B. Houghton* has presented a petition to this court, praying for a writ of *certiorari,* under Art. 857 of the Code of Practice.

He alleges, that he is Constable of the First Justice's Court of this city ; that by virtue of twenty-six different writs of provisional seizure, he seized on the 9th inst., and took into possession the steamboat Ashland, within the jurisdiction of said Justice ; that on the 14th inst. a rule was served upon him from the 5th District Court of New Orleans, in the case of *W. W. Knowles* v. *Captain and Owners of the Steamer Ashland,* requiring him to show cause why he should not surrender the said steamboat to the Sheriff, who had levied an attachment upon the same, or in default thereof, be fined and imprisoned for contempt of the authority of the court ; that he appeared and answered said rule, and showed good reasons why the same should not be made absolute, nevertheless, the rule was made absolute ; that *Knowles'* demand is over three hundred dollars ; that he moved for an appeal from the order against him, but his appeal was denied him. He avers, that said order is void, within the meaning of Art. 857 C. P.; that

petitioner is only amenable to the jurisdiction of said First Justice's Court, and <span style="font-variant:small-caps">State v. Judge 5th Dis. Ct.</span> that the Fifth District Court has no control over him, nor power to revise the orders or judicial proceedings of such Justice, or to interfere with the execution of the same; that he is not bound to obey the order of the Fifth District Court; that said court was not competent to make such order, and had no authority to fine and imprison petitioner; that petitioner refused to deliver said steamboat to the Sheriff, nevertheless the Sheriff took out of petitioner's possession the said boat on the 19th inst.

He prays that the District Judge may be ordered to send a certified copy of said proceedings to this court, to the end that the validity of said order may be inquired into and ascertained, and that said Judge be enjoined from further proceedings until judgment shall have been pronounced thereon, and for general relief.

When a Constable has seized property under a writ emanating from a Justice of the Peace, his possession is that of the law. 14 An. 503. He acquires such a qualified interest in the property, as to be able to protect his possession by calling to his aid the judicial power, when needed. Phillips' Digest, p. 105–106, secs. 4, 7, 11; 6 R. 102; Sewell on Sheriffs, 429.

It would seem then to follow, that where an attempt is made to deprive him of his possession by an order of court, that he is entitled to appeal from such order if the case be an appealable case. 8 An. 43.

We think the petitioner, under his showing, was entitled to an appeal from the order requiring him to surrender the steamboat to the Sheriff. Being entitled to an *appeal*, the present form of proceeding is inadmissible. C. P. 858.

It is, therefore, ordered, that the petition for a writ of *certiorari* be dismissed, at the costs of petitioner.

---

## W. D. JONES *v.* J. C. JAMISON.

When it is alleged in the petition, that the claim sued on has been reduced to a judgment in a foreign country, the plaintiff cannot establish it by parol evidence; the original cause of action being merged in the judgment, the suit must be considered as brought upon it.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *Michel & Koontz*, for plaintiff and appellant. *Singleton & Clack*, for intervenor. *L. Charet*, for defendant.

MERRICK, C. J. This suit was commenced by attachment. Both plaintiff and defendant were residents of the Island of Jamaica, and have their domicil in Kingston, in that island.

The plaintiff alleges, that the defendant is indebted to him in the sum of $4,236 40 for money had and received of petitioner during the years 1853, 1854 and 1855; that he has judgment against said *J. C. Jamison*, obtained in said Island of Jamaica, for the sum of £850, making said sum of $4,236 40; and he further alleges there are sums of money due the defendant by certain parties in this city, whom he makes garnishees.

The plaintiff did not produce an exemplification of the record of judgment obtained in Jamaica, but relied solely on parol proof taken under a commission issued to the United States Consul residing in Kingston. The District Judge