## No. 8643.

### DENÈGRE & VILLERÉ VS. ANSELME BAYHI.

An appeal will lie from an order putting one in possession of an estate when there has been no judgment to that effect. An order made ostensibly to execute a judgment will be vacated, if it appears that no judgment, such as would justify the order, has been rendered.

APPEAL from the Twenty-fourth District Court, Parish of St. Bernard. *Livaudais, J.*

*Miller, Finney & Miller* for Plaintiffs and Appellants.

*R. T. Beauregard* and *Hy. Chiapella* for Defendant and Appellee.

The opinion of the Court was delivered by

MANNING, J.   In February, 1882, the plaintiffs, alleging they were lessees of the Battle Ground plantation in St. Bernard for that and the

following year, and were entitled under their lease to its full use and enjoyment, and that the defendant was constantly entering upon the premises and digging up the stubble cane with the intention to carry it off, and had already dug up and removed a portion thereof, and would as they feared dispose of it to their irreparable injury, obtained an injunction forbidding him to do the acts complained of in future, and prayed judgment for one hundred dollars as damages.

The defendant excepted to the petition :

1. That the demand is a possessory action to which the plaintiffs are not entitled as lessees.

2. If disturbed in the enjoyment of the leased premises, that they are bound to apprise their lessor of it.

3. That the action must be brought by the owner.

4. The petition discloses no cause of action.

Upon trial of the exceptions, they were maintained, the injunction was dissolved and the suit dismissed. The judgment was signed April 21, 1882.

In June following the defendant filed a motion suggesting the judgment rendered in April, and " that the defendant has patiently and vainly awaited for a compliance therewith, and now fears of said parties' refusal and physical existence to the execution of said judgment," and suggesting further that an order of court was necessary to put the defendant in possession of the premises, obtained it, which accordingly issued to the sheriff. The writ of possession was served, and with it notices from the sheriff that on failure of the plaintiffs to deliver possession to the defendant of the estate and appurtenances described in their petition in three days, he would put him in possession thereof.

The plaintiffs prayed and obtained a suspensive appeal from this order, and gave bond for seventy-five hundred dollars, having been increased to this sum on a rule, and upon evidence shewing the annual revenues of the property were considerably over a thousand dollars.

The defendant now insists that an appeal will not lie from an order made in execution of a judgment. Very true, but an appeal will certainly lie from an order, not in execution of any judgment, other requisites appearing. The defendant had no judgment for the " estate and appurtenances " of which the plaintiffs claimed to be lessees, nor any judgment for the possession thereof.

The plaintiffs had injoined him from coming on their premises, and doing acts which had caused them injury, and if continued would cause them further injury which would be irreparable. His objections to their demand were that they could not make it, but the owner of the premises must, and they had therefore disclosed no cause of action, and these objections were held good.

How such a judgment can be conceived to be legal warrant for an order to oust the plaintiffs, and put the defendant incontinently in possession of an estate, passeth all understanding. It was improvidently granted, and we are sure without due consideration of the issues by the Judge below.

The plaintiffs are manifestly entitled to relief. Therefore,

It is adjudged and decreed that the order of the lower court directing the sheriff of St. Bernard parish to put the defendant in possession of the estate and appurtenances described in the plaintiffs' petition, is rescinded and annulled, and the writ of possession issuing thereon is vacated and quashed, and that the plaintiffs and appellants have and recover of the defendant the costs of this appeal.