No. 13,297.

STATE EX REL. O. P. MARKHAM VS. S. D. READ, JUDGE TWELFTH
JUDICIAL DISTRICT, PARISH OF VERNON.

SYLLABUS.

1. The mere *reservation* of a bill of exceptions in a criminal cause, by entry of such reservation on the minutes, or on the note of evidence, does not suffice. It is necessary there should be a formal bill prepared, and the same be signed by the Judge.

2. The writ of *certiorari* does not lie to grant relief where the party convicted of the crime had an adequate remedy by appeal.

3. This court has appellate jurisdiction in a criminal cause when "imprisonment exceeding six months" is actually imposed.

4. While final judgments and decrees in criminal causes should be formally drawn up by the District Attorney and be signed by the trial Judge, and while it is considered bad practice to merely enter the conviction and sentence on the minutes of the court, it has been repeatedly held that the latter course suffices to uphold a criminal sentence. Art. 117 of the Constitution of 1898 is not construed as ordering otherwise.

APPLICATION for a writ of *certiorari*.

*James R. Monk* and *Frank Vaughan* for Relator.

*Milton J. Cunningham*, Attorney General, and *A. R. Mitchell*, District Attorney, for Respondent Judge.

The opinion of the court was delivered by

BLANCHARD, J.   On November 17, 1898, the grand jury in and for the Parish of Vernon returned a bill of indictment against relator, charging him with bigamy.   He was arraigned under the same and pleaded not guilty.

The day following a motion to quash the indictment was filed, tried and sustained.

Whereupon, the District Attorney immediately filed a bill of information reiterating the charge of bigamy.   A second arraignment and plea of not guilty followed.

The information charged the bigamy to have been committed on October 14, 1897.

The accused (relator herein) tendered a plea of prescription of one year in bar of the prosecution.

It was tried and overruled.

The minutes of court show that to this ruling defendant *reserved* a bill of exceptions, but no bill was in fact drawn, presented or signed. The record discloses none.

The mere *reservation* of a bill of exceptions in a criminal cause does not suffice. It is necessary there should be a formal bill prepared and signed by the trial judge. State vs. Haines, 51 La. Ann. 731.

On November 25, 1898, the accused was brought to trial and convicted.

Whereupon the court pronounced the following sentence upon him: "To pay a fine of one hundred dollars and costs, and be incarcerated in the Parish Jail for twelve months, or work on public works of the Parish, and in default of paying such fine and costs, to remain in jail or on public works of the Parish for twelve months longer."

This sentence appears upon the minutes of the court only, in the form above quoted. The District Attorney seems not to have drawn, nor the trial judge to have signed, a distinct judgment and decree.

Based upon the sentence pronounced as aforesaid, the accused was confined in the Parish jail. There he remained quietly undergoing the sentence until October 23, 1899, when a petition addressed to this court for its remedial writ of *certiorari* was prepared.

This was presented to the court on November 3, 1899, and an order for the preliminary writ issued.

On the action thus taken the case is now before us.

It thus appears that relator waited nearly twelve months before applying for relief, and at this time (the date of handing down this opinion) he has, provided he has paid the fine of one hundred dollars and costs, served out in the Parish jail his term of incarceration.

His petition for the writ sets forth his prosecution, conviction and sentence; avers the fact to be that no formal or written judgment and sentence was signed by the judge; alleges the prescription of the offence by the lapse of more than twelve months from the date of the bigamy charged and before any action of the law officers was taken thereon, and asserts that the bill of information upon which he was tried contained no allegations negativing prescription.

It is further represented that at the date of his prosecution, trial

and conviction, Section 800 of the Revised Statutes, which is the Statute under which he was sentenced, was no longer in force, the same having been repealed by Act 93 of 1898.

He charges the nullity of the proceedings had before the respondent judge and that he has for nearly a year been confined illegally in the Parish jail.

He gives as the reason for the delay in the application for relief, his inability to employ counsel, etc.

He prays that his trial, conviction and sentence be declared illegal and void, and that he be released from confinement.

## I.

The writ of *certiorari* does not lie to grant relator relief because of the prescription of the offence with which he is charged. His remedy was by appeal. 48 La. Ann. 787, 1249; 45 La. Ann. 243. When his plea of prescription was overruled and he reserved his bill of exceptions, he should have followed it up by tendering and having signed a formal bill, and then when sentence was pronounced upon him he should have prosecuted an appeal here. It was an appealable case. This court has appellate jurisdiction in a criminal cause when "imprisonment exceeding six months" is actually imposed. Const. Art. 85.

## II.

The sentence pronounced upon relator was based on Section 800 of the Revised Statutes. That section reads: "If any married person shall marry, the former husband or wife being alive, the one so offending shall on conviction, pay a fine not exceeding five hundred dollars, and be imprisoned not exceeding two years."

Act 93 of 1898, approved July 12, 1898, is now and was at the time of this trial, the law relating to bigamy and its penalty. It prescribes, in its first section, "that any person who shall be convicted of the crime of bigamy in this State shall be imprisoned at hard labor in the State Penitentiary for a period of not more than five years nor less than one year," and, in its second section, it declares "that all laws or parts of laws in conflict with this Act be and the same are hereby repealed."

It is clear that the later statute repealed the earlier one found in Section 800 of R. S. and that the sentence pronounced upon relator

is not that of the new law. It was the intention of the General Assembly, by the Act of 1898, to make the crime of bigamy a felony—to deal with it as a more grievous offense than "the bigamy" defined and denounced in R. S. 800.

But the question arises should not this, too, have been taken advantage of by appeal.

The test is *could* it have been taken advantage of by appeal. If so, the remedy was by appeal and not by *certiorari*.

Undoubtedly it could. Had the case been brought to this court by appeal, it could have been assigned here as error apparent on the face of the record that the sentence pronounced upon the accused, and which had been appealed from, was without warrant of' law, was not responsive to the terms of the Statute denouncing a penalty against that crime.

Had this been done, this court might have held the point good, set aside the judgment and sentence and remanded the cause for a legal sentence by the court *a qua,* the accused meanwhile being held in custody.

The result of this, it is true, would have been to the disadvantage of the accused, since the penalty under the Act of 1898 is more severe than was that under the earlier statute. But that would have been the concern alone of the accused.

Besides all this, the question may well arise whether as to the crime for which relator stands convicted R. 'S. 800 does not apply in respect to the sentence pronounced upon the accused. This, because of the fact that the bigamy was committed while the earlier statute was in force and before the Act of 1898 was passed.

From the point of view of the prosecution it might well be argued, as defense against the relief sought, that to have applied the severer penalty of the later statute would have made such statute amenable to the charge of being *ex post facto,* and that as against it the accused is within the protection of both the Federal and State Constitutions.

Under the head of *ex post facto* is included every law that aggravates a crime, or makes it greater than when it was committed. Also every law that changes the punishment and inflicts a severer penalty than was authorized by the law annexed to the crime when committed.

Black's Law Dictionary.

Relator's application herein does not go to the length of demanding

release on the ground that there is no law under which he may be sentenced for bigamy committed in October, 1897, and, hence, discussion thereof is omitted.

### III.

The sentence pronounced upon the accused appears upon the minutes of the court only. There is no separate, distinct judgment and decree in the record.

This is bad practice. Final judgments and decrees in criminal causes should be formally drawn up by the District Attorney and be signed by the trial judge.

But this is not absolutely essential. State *ex rel.* Pringle vs. Lake, Sheriff, 34 La. Ann. 1069; State vs. Thomas, Ib. 1084.

Nor do we consider Article 117 of the Constitution of 1898 as ordering otherwise.

For these reasons it is ordered that the preliminary writ herein issued be set aside, the relief sought by relator be denied, and this proceeding be dismissed.