BREAUX, J.
The town of Jennings sets up that Charles Ray was tried before the mayor’s court for retailing intoxicating liquors; that he pleaded not guilty of violating Ordinance 100 of the town, prohibiting the *705 retail of intoxicating liquors, but that he admitted that he sold liquors on the day charged.
In a special plea before the mayor’s court Ray averred that he had not violated any lawful statute of the town of Jennings, and that he could not be convicted on the charge made, because the ordinance under which he was prosecuted had been repealed, for the reasons specially alleged by him.
Ray was found guilty, as charged, upon the trial in the mayor’s court, and fined $75 and costs.
Whereupon Ray appealed to the Fifteenth district court of Calcasieu parish. Before the district court, the town of Jennings filed an exception, setting up want of jurisdiction of the court ratione materise et person®.
The district judge overruled the exception, and entertained jurisdiction. The respondent judge, in answer to the rule nisi, says that “the district courts have jurisdiction of appeals from justices of the peace in all civil matters, regardless of the amount in dispute, and that persons sentenced to a fine or imprisonment by mayors and recorders are entitled to an appeal to the district court”— citing article 111 of the Constitution.
The respondent judge adds: “It is very probable that, after trial of the case de novo by me, if it should appear that the proceeding and judgment I should render were irregular, that the writ of certiorari would be issued by your honorable court, but not until then; as the mandate is only granted where the suit is to be decided in the last resort, and where there lies no appeal. Article 857, Code Prae.
“The article of the Code of Practice is clear enough without interpretation. When the remedy is by appeal, the writ will not issue until the party cast has exhausted his remedy by prosecuting his demand before the court having jurisdiction of the appeal.
“The court should retain jurisdiction to the end of the controversy before that court. The proceeding should complete its course, and, when complete, it wili be time enough to consider irregularities, if any have been committed, over which this court has jurisdiction.”
In a recent case -this court used the following language, applicable to the present case:
“Ordinarily we exercise supervisory jurisdiction by writs of certiorari and prohibition only in unappealable cases, leaving errors committed in appealable causes, or questions affecting the validity of the statute upon which the prosecution is based, to be corrected and decided in due course of appeal.” State v. Judge, 49 La. Ann. 1454, 22 South. 421—citing a number of decisions.
We do not think this cause falls within any exception. It is not a case of “peculiar circumstances or extreme urgency,” to quote from the decision just cited.
The order was interlocutory, and the party cast, on the motion to dismiss, has not been irreparably injured. The remedy will be ample after final action, if any error be committed falling under the supervisory jurisdiction of the Supreme Court to review.
For these reasons the rule nisi is recalled and discharged, and relator’s application for writs of certiorari and prohibition is rejected, at its-costs.