MONROE, C. J. I am of opinion that, upon the case presented, the courts are vested with no authority to interfere, in the manner proposed by the plaintiff, with another independent department of the state government in the discharge of its functions, and I therefore concur in the conclusion herein reached.

═══════

(66 South. 957)

No. 20977.

TOWN OF RAYVILLE v. MANN.

In re MANN.

(Dec. 14, 1914.)

*(Syllabus by the Court.)*

1. MANDAMUS &⬥61—GROUNDS — DISTRICT JUDGE.

A mandamus will be directed to the judge of the district court to compel him to hear and determine a plea filed therein, where the case is being tried de novo, on appeal from a mayor's court.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 122–126; Dec. Dig. &⬥61.]

2. CRIMINAL LAW &⬥260—MAYOR'S COURT—APPEAL—PLEADING—AMENDMENT.

On appeal from a mayor's court to a district court, where the case is to be tried de novo, either party to the suit may add to, and with leave of the court amend, his pleadings, so as

to bring the merits before the appellate tribunal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 567–609; Dec. Dig. &⬥260.]

*(Additional Syllabus by Editorial Staff.)*

3. CRIMINAL LAW &⬥260—MAYOR'S COURT—APPEAL—"TRIAL DE NOVO."

A "trial de novo," within Const. art. 111, providing that persons sentenced to a fine and imprisonment by a mayor's court may on appeal have a trial de novo, means a trial anew from the beginning in the appellate tribunal according to the usual or prescribed mode of procedure in other cases involving similar questions, whether of law or fact. On a new trial in an appellate court, the whole case is open for decision. All questions may be presented which legitimately arise on the record, whether urged or relied on in the lower court or not. (Citing Words and Phrases, "Trial De Novo.")

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 567–609; Dec. Dig. &⬥260.]

Dennis Mann was convicted of violating an ordinance of the Town of Rayville, and applies for writs of certiorari and mandamus. Ordered that writ of mandamus issue.

George Wesley Smith, of Rayville, for applicant. C. J. Ellis, Jr., of Rayville, for Town of Rayville.

SOMMERVILLE, J. Relator was convicted of violating an ordinance of the town of Rayville, and appealed to the seventh judicial district court. There he attempted to file a plea, alleging the illegality of the town ordinance under which he had been convicted in the mayor's court; but the plea was dismissed by the court for the reason that it was without jurisdiction to try the question of the illegality of the ordinance attacked. Whereupon relator applied to this court for writs of certiorari and mandamus.

The respondent judge makes return, and says that a mandamus should not issue for the reason:

"This case was appealed from a mayor's court to the seventh district court, and upon the trial thereof it evidenced that the case was tried in the mayor's court upon facts. That upon trial before this court an exception was filed attacking the constitutionality of the ordinance in

question, whereat, on the objection interposed by the town attorney, the court held that it was without jurisdiction to pass upon the constitutionality of a town ordinance, and could only try the case upon facts. That if the constitutionality of the ordinance had been questioned the appeal should have gone to the honorable Supreme Court."

[1-3] Article 111 of the Constitution is, in part, as follows:

"Persons sentenced to a fine or imprisonment by mayors or recorders shall be entitled to an appeal to the district court of the parish, upon giving security for fines and costs of court, and in such cases trial shall be de novo and without juries."

The article clearly says that on appeal by persons sentenced by mayors or recorders to pay a fine or to imprisonment the trial of the case shall be de novo in the district court.

A "trial de novo" means a trial anew, from the beginning, in the appellate tribunal, according to the usual or prescribed mode of procedure in other cases, involving similar questions, whether of law or fact. 3 Cyc. 260.

On a new trial in the appellate court the whole case is open for decision. All questions may be presented which legitimately arise on the record, whether urged or relied on in the lower court or not. 3 Cyc. 262; 8 Words and Phrases, 7108.

And in Saunders v. Ingram, 5 Mart. (N. S.) 644, we hold that:

"An appeal from a parish, to a district court, authorizes an examination of the case de novo, and either party to the suit may, by leave of the court, amend his pleadings, so as to bring the merits fairly before the appellate tribunal."

In the case of State ex rel. Town of Jennings v. Miller, 109 La. 704, 33 South. 739, we say in the syllabus:

"Appeals are tried de novo in the district court, i. e., as in a court of original jurisdiction."

The plea to the validity of the town ordinance filed by defendant should have been received and disposed of on the trial of the cause.

It is argued on behalf of the respondent judge that under article 85 of the Constitution the Supreme Court has appellate jurisdiction of "all cases in which the constitutionality or legality * * * of any fine, forfeiture, or penalty imposed by a municipal corporation shall be in contestation, whatever may be the amount thereof"; and that the district court is therefore without jurisdiction to pass upon and dispose of said matter.

But the legality of the town ordinance was not contested in the mayor's court in this case, and the appeal was therefore properly taken to the district court. State ex rel. Hart v. Judge, 113 La. 654, 37 South. 546, Town v. Franklin, 115 La. 638, 39 South. 740.

Defendant may have lost a right of appeal to the Supreme Court by failing to contest the legality of the ordinance in the mayor's court; but he did not forfeit his right of appeal to the district court, and his right to have the case tried de novo there as it might have been tried originally in the mayor's court.

The refusal of the district judge to pass upon the plea of defendant which attacked the legality of the town ordinance was a failure on his part to proceed regularly in the administration of the business before the court in a case which was being tried, and which was within the jurisdiction of the court.

It is therefore ordered, adjudged, and decreed that a writ of mandamus issue directed to the judge of the seventh judicial district court for the parish of Richland, ordering him to proceed with the trial of the case of Town of Rayville v. Dennis Mann, and to hear and pass upon a certain plea filed by said Mann wherein the validity of a certain ordinance of the town of Rayville is attacked.