BRUNOT, J.
(dissenting). Relator relies upon four grounds as reasons why the writs issued herein should be made peremptory:
(1) The fire marshal cannot lawfully condemn or demolish property.
(2) Act 175 of 1910 governs the demolition of buildings, and the provisions of the act were not followed in this case.
(3) Injunction cannot issue to oust a party in possession.
(4) A mandatory injunction cannot be issued ex parte before hearing on the merits.
It appears that the fire marshal by letter written to John Liuzza, the owner, condemned the building as a menace and fire hazard and ordered its destruction. Relat- or’s attention was called to this letter by John Liuzza, who requested relator to vacate the premises and permit a compliance with the demand of the fire marshal. It is true that the fire marshal has not the power to condemn buildings and to order their destruction. It is equally true that officers are presumed to do their duty. It may be assumed that the fire marshal has a proper conception of the law and of his power under it, and his letter to John Liuzza was in the nature of a preliminary notice, calling the owner’s attention to the fact that his building was a fire hazard and menace that must be destroyed, and giving him an opportunity voluntarily, within a specified time, to demolish it. This is not an unwarranted assumption, because Act 175 of 1910 prescribes the giving of a notice to the owner or occupant before the municipal authorities, who alone are charged with that duty, can legally order the destruction of a building.
It is therefore apparent that no order, at least no legal or enforceable order, has issued condemning the building described in the pleadings in this ease, and no legal process has been initiated for the obtention of such an order.
The rule is that an injunction will not issue to oust a party in possession, but the writ applied for and obtained in this case is a prohibitory injunction. It appears that the issuance of this injunction and the decision of the lower court on the rule to dissolve it has caused relator to vacate the premises, but these results do not affect the character of the writ which was issued.
*346 An examination of the record shows that the civil district court has jurisdiction ra~ tione personas and ratione materire, that the proceedings were regular and lawful, and that no error appears on the face of the record.
It is the general rule that mandatory injunction cannot be issued ex parte, but in its prohibitory or remedial form the writ of injunction will issue on the ex parte application of the complainant, as in cases where the purpose is to restrain or prohibit something from being done. Applications for writs of this character are addressed to the sound discretion of the judge, and, if granted, or if maintained after a trial of a rule to dissolve, the judgment is not final.
In such cases, if the court had jurisdiction and the forms of law are observed, relator’s remedy is by appeal from the final judgment, after trial on the merits.
Certiorari will not "issue where the remedy is by appeal. State ex rel. Weber v. Skinner, 32 La. Ann. 1092; State v. Judge of Fifth District Court, 15 La. Ann. 34; State ex rel. Aitken v. Judge, 43 La. Ann. 380, 9 South. 114; State ex rel. Broussard v. Koenig, 39 La. Ann. 776, 2 South. 559; State ex rel. Berthoud v. Judge of Twenty-Sixth Judicial District, 34 La. Ann. 782; State ex rel. Rudy v. Tomkies, 49 La. Ann. 1162, 22 South. 336; State ex rel. Dunn v. Richardson, 49 La. Ann. 1612, 22 South. 960; State ex rel. Town of Jennings v. Miller, 109 La. 705, 33 South. 739.
The writ will not issue when nullity of the proceedings does not appear on the face of the record. State ex rel. Wintz v. Judge Criminal District Court, 32 La. Ann. 1222; State ex rel. Brown v. Houston, 35 La. Ann. 1194; Denegre v. Bayhi, 35 La. Ann. 256; State ex rel. Broussard v. Koenig, 39 La. Ann. 776, 2 South. 559; State ex rel. Houston C. A. & N. R. Co. v. Riley, 43 La. Ann. 177, 8 South. 598; State ex rel. Williamson v. Judge of Fourth City Court, 37 La. Ann. 385; State ex rel. Shakespeare v. Duffel, 41 La. Ann. 560, 6 South. 514; State ex rel. City of New Orleans v. Judge of Twenty-First Dist. Court, 45 La. Ann. 950, 13 South. 181.
The writ will not issue when the court below has jurisdiction, and the forms of law have been followed. State ex rel. Wells Fargo Express Co. v. Martin, 48 La. Ann. 1249, 20 South. 729; State ex rel. Markham v. Read, 52 La. Ann. 273, 26 South. 826.
Moreover, relator vacated the premises, and when he applied to this court for writs of mandamus, certiorari, and prohibition the work of demolition had progressed to such an extent as to render any part of the premises uninhabitable; therefore the status which existed prior to these acts cannot be restored. Under these circumstances relator appears to be without interest, in so far as the relief sought in this proceeding is concerned.
In my opinion, the writs of certiorari and prohibition hereinbefore issued, and the order of this court to show cause why the injunction should not be dissolved should be recalled, and relator’s application should be rejected.
For these reasons I respectfully dissent from the views expressed by the majority of the court.