LAND, J.
 

 Relator was tried in the city court of the city of Shreveport for the violation of the general traffic ordinance, was convicted and sentenced, and appealed to the district court for the parish of Caddo.
 

 After lodging the appeal in the district court, relator filed a motion to quash the affidavit made against him in the city court on the ground that it set forth and charged no offense against the city of Shreveport, “in that there is no law or ordinance of the city denouncing as an offense the act charged against appearer.”
 

 When this motion was presented for a ruling, the assistant city attorney objected to the court passing upon the motion on the ground that a motion to quash could not be filed in the appeal and trial de novo in the district court, “as such motion must be filed before arraignment, and, as no arraignment was necessary in an appeal case, no motion could be filed.”
 

 The objection having been sustained by respondent judge, relator applied to this court for the above writs.
 

 Relator’s complaint that the affidavit in this case sets forth no offense against the city of Shreveport and its ordinances presents a. more serious question than a mere formal defect in the confection of the affidavit. Such alleged defect manifestly is a' substantial one, and may be urged in a motion in arrest of judgment after conviction, under the Code of Criminal Procedure, arts. 517-619.
 

 In Town of Rayville v. Mann, 136 La. 237, 66 So. 957, a defendant, who appealed to the district court from a conviction in the mayor’s court, was permitted to plead, for the first time on appeal, the illegality of the ordinance under which he had been convicted. An illegal ordinance is no ordinance at all, and there is practically no difference in the legal effect between a charged based upon no ordinance at all and a charge based upon an illegal ordinance, since a defendant cannot be legally prosecuted, convicted, or sentenced in either ease.
 

 The question of the right of a defendant to plead on appeal and trial de novo is fully discussed at page 239 of 136 La., 66 So. 958, in Town of Rayville v. Mann, above cited, as follows:
 

 “Article 111 of the Constitution is, in part, as follows: ‘Person sentenced to a fine or imprisonment by mayors or recorders shall be entitled to an appeal to the district court of the parish, upon giving security for fines and costs of court, and in such eases trial shall be de novo and without juries.’
 

 “The article clearly says that on appeal by persons sentenced by mayors or recorders to pay a fine or to imprisonment the trial of the case shall be de novo in the district court.
 

 “A ‘trial de novo’ means a trial anew, from the beginning, in the appellate tribunal, according to the usual or prescribed mode of procedure in other cases, involving similar questions, whether of law or fact. 3 Cyc. 260.
 

 “On a new trial in the appellate court the whole case is open for decision. All questions may be presented which legitimately arise on the record, whether urged or relied on in the lower court or not. 3 Cyc. 262; 8 Words and Phrases, 7108.
 

 “And in Saunders v. Ingram, 5 Mart. (N. S.) 644, we hold that: ‘An appeal from a parish, to a district court, authorizes an examination of the case de novo, and either
 
 *585
 
 party to the suit may, by leave of the court, amend his pleadings, so as to bring the merits fairly before the appellate tribunal.’
 

 “In the case of State ex rel. Town of Jennings v. Miller, 109 La. 704, 33 So. 739, we say in the syllabus: ‘Appeals are tried de novo in the district court, i. e., as in a court of original jurisdiction.’ ”
 

 Our conclusion is that the objections urged to the motion to quash should be overruled, and that respondent judge should proceed to hear and dispose of this motion.
 

 It is therefore ordered that a writ of mandamus issue, directed to the Honorable E. P. Mills, judge of the First judicial district court of the parish of Caddo, ordering him to proceed with the trial of the case of the City of Shreveport v. John Rambo, pending in said court, in accordance with the views herein expressed, and to hear and pass upon the motion to quash the affidavit filed in that case by counsel for relator.