(129 So. 634)

**TOWN OF SPRINGHILL v. MURPHY.**

No. 30736.

July 2, 1930.

Kennon & Kitchens, of Minden, for appellant.

John T. Campbell, of Minden, for appellee.

ROGERS, J.

The defendant, N. O. Murphy, was prosecuted in the mayor's court for the violation of the first and second sections of Ordinance No. 61 of the town of Springhill. The specific charge was that Murphy, an employee of the Springhill Social Club, engaged, participated, permitted, and assisted in racking balls in games of pool, using cues and similar paraphernalia, and also keeping open for the use of the members of the club a pool hall within the corporate limits and contrary to the town ordinance.

On the trial of the case, the defendant was found guilty and sentenced to pay a fine or be imprisoned. Defendant appealed to the district court, and there, for the first time, by way of a motion to quash, pleaded that the ordinance under which he was charged, convicted, and sentenced was unconstitutional and ultra vires.

The minutes of the district court show that on April 11, 1930, the motion to quash was heard and taken under advisement and that the case was then tried on the merits and submitted; that on May 6, 1930, the conviction and sentence was annulled at the cost of the town. Thereafter, namely, on May 9, 1930, the town of Springhill, through its counsel, applied for and obtained an appeal to this court.

[1] The record indicates that the judge of the district court did not pass on the motion to quash, and that his judgment was rendered solely on the merits of the case. But, be that as it may, the question here is whether the constitutionality and legality of the ordinance, which was first invoked on appeal to the district court, can be determined on the appeal to this court? The question, in our opinion, must be answered in the negative. In Town of St. Martinville v. Dugas, 158 La. 262, 103 So. 761, 763, a state of facts arose similar to the one that is presented here. The defendant in that case was prosecuted and convicted in the mayor's court for violating a town ordinance. He appealed to the district court, and there, for the first time, pleaded the unconstitutionality and illegality of the provision of the ordinance under which he was being prosecuted. The judge of the district court sustained the plea and dismissed the prosecution. The attorney for the town gave notice of his intention to invoke the supervisory jurisdiction of the Supreme Court. Later he applied to the judge of the district court for an appeal to this court on the question of the constitutionality or legality of the ordinance. The judge of the district court refused to grant the appeal. We held that the ruling was correct, because the case had been decided on appeal. We

said, in support of our ruling: "If the question of constitutionality or legality of the ordinance had been tendered in the mayor's court, and decided there, either the town or the defendant would have had a right of appeal directly to the Supreme Court upon the question of constitutionality or legality of the ordinance, and Dugas would have had a right of appeal to the district court on other questions"—citing many authorities. So in the present case, if the motion to quash had been made in the mayor's court and decided there, the aggrieved party would have had a right of appeal directly to this court on the issues raised by the motion. On the other issues the right of appeal was to the district court, to which court the appeal was actually taken.

It is apparent from the record that this is not a case in which an appeal lies to this court. We are compelled to notice this ex proprio motu and to exercise the only authority we have, which is to dismiss the appeal.

For the reasons assigned, the appeal herein taken is dismissed.