200 So. 449

## CITY OF MINDEN v. HARRIS.

### In re HARRIS.

### No. 36055.

Feb. 3, 1941.

W. T. Drew, of Minden, for relator.

Robert F. Kennon, Dist. Atty., and Graydon K. Kitchens, Dist. Atty. Pro Tem., both of Minden, for respondents.

FOURNET, Justice.

Relator, Willie Harris, having been convicted in the city court of Minden for violation of a city ordinance prohibiting the possession of intoxicating liquor for beverage purposes, appealed to the district court for the Parish of Webster. In that court, for the first time, by way of motion to quash the affidavit under which he has been charged, the relator raised the unconstitutionality of the ordinance. The trial judge refused to consider the motion to quash, assigning as reasons therefor that the jurisdiction of his court on appeals taken from the mayor's or city court in cases of this kind is limited to the merits of the case and that all questions with reference to the legality or unconstitutionality of the ordinance are appealable direct to the Supreme Court and should, therefore, have been urged in the city court in order to perfect the appeal to the Supreme Court.

The case is now before us on writs of mandamus, prohibition, and certiorari

granted for the purpose of reviewing the ruling of the trial court in refusing to consider the motion to quash.

▬▬ The identical question raised here was before this court in the case of Town of Rayville v. Mann, 136 La. 237, 66 So. 957, 958, and in disposing of it the court held that since under the express provisions of Article 111 of the Constitution of 1913 (the constitution in force at the time the decision was rendered, which provisions are reproduced in exact words in Section 36 of Article 7 of the Constitution of 1921) trials of such cases are de novo in the district court, the defendant was entitled to have the validity of the town ordinance passed upon in the district court even though that issue had not been raised in the court of original jurisdiction but was raised for the first time in the district court. In the course of the opinion the court said:

"The article [Article 111 of the Constitution of 1913] clearly says that on appeal by persons sentenced by mayors or recorders to pay a fine or to imprisonment the trial of the case shall be de novo in the district court.

"A 'trial de novo' means a trial anew, from the beginning, in the appellate tribunal, according to the usual or prescribed mode of procedure in other cases, involving similar questions, whether of law or fact. 3 Cyc. 260.

"On a new trial in the appellate court the whole case is open for decision. All questions may be presented which legitimately arise on the record, whether urged or relied

on in the lower court or not. 3 Cyc. 262; 8 Words and Phrases [First Series] 7108.

"And in Saunders v. Ingram, 5 Mart. (N.S.) 644, we hold that:

"'An appeal from a parish, to a district court, authorizes an examination of the case de novo, and either party to the suit may, by leave of the court, amend his pleadings, so as to bring the merits fairly before the appellate tribunal.'

"In the case of State ex rel. Town of Jennings v. Miller, 109 La. 704, 33 So. 739, we say in the syllabus:

"'Appeals are tried de novo in the district court, i. e., as in a court of original jurisdiction.'"

See, also, the case of City of Shreveport v. Rambo, 169 La. 582, 125 So. 625.

But it is argued on behalf of the respondent judge that under the later jurisprudence of this court, as found in the cases of Town of Springhill v. Murphy, 170 La. 1054, 129 So. 634, and State v. Bonner, 193 La. 400, 190 So. 625, the decisions in the cases of Town of Rayville v. Mann and City of Shreveport v. Rambo have, in effect, been overruled.

A mere reading of these cases will show that the interpretation placed thereon by the respondent judge is erroneous.

In the case of Town of Springhill v. Murphy, Murphy was convicted in the mayor's court for the violation of a town ordinance. On appeal to the district court for the first time he pleaded the unconstitutionality of the ordinance under which he had been charged on a motion to quash.

In that case the district court *never* passed on the motion to quash but, instead, annulled the conviction and sentence on the merits of the case, and it was from that judgment that the Town appealed. This court [170 La. 1054, 129 So. 635], held that "it is apparent from the record that this is not a case in which an appeal lies to this court," and dismissed the case ex proprio motu.

A reading of the Bonner case will show that the issue raised here was not raised in that case. Furthermore, there is nothing in the opinion to support the contention of the respondent judge.

For the reasons assigned the ruling of the trial judge on the motion to quash is overruled, and it is ordered that a writ of mandamus issue directing the Honorable J. Frank McInnis, Judge of the Twenty-sixth District Court, for the Parish of Webster, to proceed with the trial of this case consistent with the views herein expressed.