22 So.2d 655

## TOWN OF SULPHUR v. STANLEY.

### No. 37788.

April 30, 1945.

Rehearing Denied June 5, 1945.

See also 207 La. 1082, 22 So.2d 657.

Thos. Arthur Edwards, of Lake Charles, for relator.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and Griffin T. Hawkins, Dist. Atty., Preston L. Savoy, Asst. Dist. Atty., and Frank M. Brame, Atty. for City of Sulphur, all of Lake Charles, for respondents.

ROGERS, Justice.

The relator, N. G. Stanley, was tried and convicted in the mayor's court of the Town of Sulphur on a charge of disturbing the peace by being drunk on the streets of the town in violation of Ordinance No. 5,

adopted by its Mayor and Board of Aldermen. Relator was sentenced to serve thirty days in jail and his conviction and sentence were affirmed by the Fourteenth Judicial District Court for the Parish of Calcasieu.

Upon relator's application, this Court issued a writ of certiorari together with a rule nisi and an order suspending all proceedings against the relator in the district court. Relator also applied for and was granted an appeal to this Court. The case is now before us for review both on the appeal and the rule nisi. The appeal and the rule nisi were submitted separately, but they involve the same questions and the determination of the questions in one proceeding will also determine the questions in the other. We shall, therefore, consider and dispose of the case on the rule nisi.

In relator's petition invoking the supervisory jurisdiction of this Court, he complains that he was denied his constitutional rights in the mayor's court for the reason that he was not prosecuted on an affidavit but was prosecuted and convicted on a mere verbal charge; that he was placed in jail and denied bond on a minor misdemeanor; that he was denied a continuance of the case; an opportunity to summon witnesses and the right to be represented by counsel; that the minutes of the mayor's court represent a mere memorandum and do not correctly set forth all of the proceedings in that court. Relator's petition further sets forth that he was denied his constitutional rights in the district court because of the exclusion of evidence he sought to introduce in support of the grounds for his ap-

peal from his conviction and sentence in the mayor's court.

The docket of the mayor's court shows that on September 15, 1944, relator was charged with disturbing the peace by being drunk on the main streets of the Town of Sulphur; that he "Pled not guilty. Appeared Mayor's Court—found guilty. Sentenced to jail for thirty days.".

On September 18, 1944, relator filed an application in the mayor's court for a suspensive appeal to the district court, alleging, generally, that he had been convicted in the mayor's court without the benefit of counsel, an opportunity to obtain witnesses, and that he had been denied a fair and impartial trial in violation of his constitutional rights. He also alleged that he had been illegally incarcerated in the parish jail. The appeal was granted and perfected on September 18, 1944. The case was tried de novo in the district court on December 5, 1944. Relator was found guilty as charged, and after his motion for a new trial was argued and overruled, he was sentenced to thirty days in jail. Relator then moved for and was granted a suspensive appeal. He also invoked the supervisory jurisdiction of this Court.

Section 36 of Article 7 of the Constitution of 1921 provides: "Persons sentenced to pay a fine or to imprisonment, by mayors, recorders, or municipal courts shall be entitled to an appeal to the District Court * * *, and in such cases trials shall be de novo and without juries."

Where a trial de novo is provided for on appeal from a judgment of a munici-

pal or other inferior court, the general rule is that the case is to be tried without regard to the decision of the magistrate and as if originally commenced in the appellate court and the latter court necessarily is required to enter its own independent judgment. 16 Corpus Juris, Criminal Law, section 698, page 382; 22 C.J.S., Criminal Law, § 403. In line with the general rule, this Court held, in the case of the Town of Rayville v. Mann, 136 La. 237, 66 So. 957, that in a trial de novo within the provisions of Article 111 of the Constitution of 1913, which was in force at the time, and which is reproduced in Section 36 of Article 7 of the Constitution of 1921, providing that persons sentenced to a fine or imprisonment by a mayor's court, may, on appeal, have a trial de novo, means a trial anew from the very beginning in the appellate court, according to the usual mode of procedure in other cases involving similar questions, whether of law or fact. On a new trial in the appellate court the whole case is open for decision. The pleadings may be amended and all questions may be presented which legitimately arise on the record, whether urged or relied on in the lower court or not. This case, together with other cases of a similar import, was quoted and cited with approval in the case of the City of Minden v. Harris, 196 La. 1021, 200 So. 449.

As provided by Section 36 of Article 7 of the Constitution, the present case was tried de novo in the district court, that is to say, it was tried on its merits anew from the beginning with the view of determining the question of whether the relator was

guilty of disturbing the peace by being drunk on the streets of the Town of Sulphur. In support of the charge, counsel for the town offered in evidence the minutes of the mayor's court, Ordinance No. 5 of the Town of Sulphur relating to the charge of disturbing the peace by various means and an affidavit made by J. H. Barrett, the town marshal, on November 20, 1944, wherein it is charged that relator, on September 15, 1944, disturbed the peace of the town by being drunk on its streets, contrary to the ordinance in such cases made and provided. Counsel for the town also offered the testimony of several witnesses for the purpose of proving the offense with which relator was charged.

Relator did not offer any testimony to refute the charge that he was drunk on the streets of the Town of Sulphur. The only testimony that he attempted to offer was for the purpose of showing the alleged illegal manner in which he was tried and convicted in the mayor's court and the political prejudice that existed against him in the town. This testimony, on objection by counsel representing the prosecution, was excluded by the trial judge as being wholly irrelevant and immaterial since, under the constitutional article, the trial before him was de novo.

After the trial was closed and while the case was held under advisement by the trial judge, pending the filing of briefs, counsel for relator filed a motion to reopen the case and strike from the record all the evidence offered on behalf of the Town of Sulphur on the ground that the appeal was applied for and obtained by relator solely for the

purpose of determining whether his conviction in the mayor's court was legal and not for the purpose of determining his guilt or innocence on any charge that may have been urged against him. Relator, in his motion, also moved to strike from the record the affidavit made by the town marshal on November 20, 1944, on the ground that the affidavit was not a part of the original record. The trial judge denied the motion to strike and then announced the following ruling: "This court, now, after considering the evidence and the argument of counsel, is thoroughly satisfied that the defendant has been proven guilty of the charge of disturbing the peace by being drunk on the streets of the Town of Sulphur, and so finds." After his motion for a new trial was overruled, relator was sentenced, under his conviction, to serve thirty days in jail.

The relator reserved six bills of exception to the rulings of the judge of the district court. The substance of relator's complaints, as embodied in the bills, is that the trial judge erred in overruling his objections to the admissibility of any testimony on the question of his guilt or innocence and in excluding any testimony concerning the procedure and trial in the mayor's court and the alleged political prejudice existing against him.

■ We find no error in the rulings of the trial judge. Relator was tried in the district court on the merits of the charge against him, without regard to any informalities or irregularities which may have occurred in the proceedings in the mayor's court. Relator, who had been re-

leased on bond, was prosecuted on an affidavit and was represented by counsel and granted the right of summoning witnesses on his behalf. An independent judgment and sentence as warranted by the trial on the merits was pronounced by the judge of the district court.

■■ The findings of fact by the trial judge on the question of relator's guilt or innocence is not reviewable by this Court. Under the circumstances, it does not appear that relator was denied his constitutional rights to a fair and impartial trial.

For the reasons assigned, the rule nisi herein is discharged and relator's conviction and sentence are affirmed.