398 P.2d 266

**VILLAGE OF DEMING, New Mexico, a Municipal Corporation, Plaintiff-Appellee,**

v.

**Leonso MARQUEZ, Defendant-Appellant.**

**No. 7522.**

Supreme Court of New Mexico.

Jan. 11, 1965.

Sutin & Jones, Michael G. Sutin, Gerald B. Shifrin, El Paso, Tex., for appellant.

Schaber & Arthur, Deming, for appellee.

NOBLE, Justice.

Leonso Marquez was charged and convicted in the Deming municipal court of "disorderly conduct and resisting arrest assaulting officers. Violation of Section 6–1–8 and 6–1–29, contrary to the ordinances of the Village of Deming * * *." He appealed to the district court and moved to quash the complaint, arguing it was vague, indefinite and uncertain. The dis-

trict court, by written order, quashed the charge of disorderly conduct and granted permission to amend the complaint. An amended complaint was filed charging defendant with: (1) disturbing the peace, contrary to § 6–1–8; (2) disorderly conduct, contrary to § 6–1–7; (3) resisting and abusing a peace officer, contrary to § 6–1–29; and (4) drunkenness, contrary to § 6–1–9 of the Deming Municipal Code. Count 4 was stricken by order of court, and the defendant was convicted of disturbing the peace and of resisting and assaulting an officer. Failure to convict of the charge of disorderly conduct amounted to an acquittal of that charge. Defendant has appealed from the conviction on a trial de novo in the district court.

■ Defendant asserts that the proceeding was erroneously treated as civil rather than criminal. We do not agree. It is apparent that it was treated throughout as a criminal case. The mere fact that the clerk may have given it a number on the civil docket cannot have prejudiced the defendant nor is it an indication that the trial court treated it as anything but a criminal action.

■ Since the several additional points for reversal all challenge the district court's jurisdiction, they will be considered together. Defendant argues that the district court, on appeal from the municipal court, had only the jurisdiction possessed by the lower court, and, that since the district court held the complaint insufficient, both the municipal court, originally, and the district court, on appeal, were without jurisdiction. The record clearly discloses that only the charge of disorderly conduct was quashed as being insufficiently charged, leaving the charges of violation of § 6–1–8, disturbing the peace, and of violation of § 6–1–29, resisting and assaulting an officer. There is no merit to the contention that the court quashed the entire complaint nor that it lost jurisdiction of the case.

■ The offense of disturbing the peace was adequately alleged by charging a violation of § 6–1–8 of the Deming Municipal Code. Section 41–6–7 (2), N.M.S.A. 1953, permits reference "to a section or subsection of any statute creating the offense charged * * *," and a charge by reference to such statute is sufficient to charge the offense in an indictment or information. State v. Cummings, 63 N.M. 337, 319 P.2d 946. The legislature intended by this section to replace archaic forms of drafting criminal pleadings and to remove technicalities formerly required of them. State v. Shroyer, 49 N.M. 196, 160 P.2d 444. Certainly it cannot be seriously contended that complaints charging misdemeanors are to be more strictly construed than indictments or informations charging felonies. City of

Bremerton v. Smith, 31 Wash.2d 788, 199 P.2d 95; §§ 38–1–1 and 38–1–8 to 13, inc., N.M.S.A.1953. See the discussion in Smith v. Abram, 58 N.M. 404, 271 P.2d 1010, relative to the established rule regarding criminal pleadings followed by the Federal courts.

■ Permitting amendment to more clearly state the offenses charged was not error; see Town of Sulphur v. Stanley, 207 La. 1075, 22 So.2d 655. Nor did the amendments in this case constitute charges of new offenses.

■ Finally, our determination that the amendments in this case did not charge new offenses disposes of defendant's contention that the statute of limitations had run prior to the filing of the amended complaint. The amendment relates back to the date of filing of the original complaint in the municipal court, and the statute of limitations was terminated by the filing of that complaint.

Other questions argued have either been resolved by what has been said, are found to be without merit, or are unnecessary to be determined.

The judgment and sentence appealed from should be affirmed.

It is so ordered.

MOISE and COMPTON, JJ., concur.